THE PEOPLE *ex rel.* Arthur A. Correll, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1910.*

1. TAXES—*voting hard roads tax creates no contractual relation between tax-payers and municipality.* The voting of a hard roads tax raises no contractual relation between the tax-payers and the municipality, but the effect of such vote is merely to direct the commissioners of highways to make the levy at the rate per cent voted, and it then becomes the duty of the proper officers to extend the tax, at the rate specified, on the same assessed valuation that all other taxes are extended.

2. SAME—*fixing of portion of full value to be used as the assessed value is a statutory matter.* The fixing of any portion of the full valuation of property to be used as the assessed value is a purely statutory matter and is subject to change by the legislature at any time.

3. SAME—*legislature has power to change assessed value after hard roads tax has been voted.* The voting of a hard roads tax at a certain rate on each $100 of the assessed value of property for a fixed term of years does not constitute such a contract between the tax-payers and the municipality as precludes the legislature from enacting a law raising the assessed value from one-fifth to one-third of the full value after the hard roads tax is voted and during the period for which it is to be extended.

4. SAME—*hard roads tax once voted must be extended on the assessed value fixed by law.* When a hard roads tax is voted at a certain rate on each $100 assessed value of property it must be extended on such assessed valuation fixed in such manner as it is then or shall thereafter be provided by law during the period for which the tax levy is made, as the taxing officers have no power to extend a tax upon any other valuation of property than the assessed value fixed by law.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

CALLAHAN, JONES & LOWE, for appellant.

MANFORD E. COX, State's Attorney, and PARKER & EAGLETON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon application being made to the county court of Crawford county by the county collector of that county for judgment for delinquent taxes assessed against appellant for the year 1909, objections were made by appellant to the special tax for hard roads of the towns of Hutsonville, Lamotte, Robinson, Honey Creek and Montgomery. The basis of each of these objections was, that each of said towns had in April, 1909, voted a hard road tax at the rate of one dollar per annum on each $100 of the assessed valuation of the property of the town for five years for the construction and maintenance of hard roads, as described in the petition for the election in each town; that the assessment should have been determined by the statute in force at the time such vote was taken, on the basis of one-fifth of the full value of the property; that the legislature, by an act approved June 12, 1909, changed the basis of assessment for taxation from one-fifth to one-third of the full value of the property; that the vote of the people of one dollar per annum on each $100 for hard roads was on the basis of one-fifth of the valuation of their property, and the legislature, by increasing the assessed value from one-fifth to one-third without the consent of the tax-payers, had increased the amount voted for hard roads in each of said towns proportionately, and had therefore increased appellant's hard road tax from one dollar on each $100 on the basis of one-fifth of the valuation of its property to one dollar on each $100 on the basis of one-third of the valuation, and that the taxes extended upon the difference between an assessment on the basis of one-fifth of the value of its property and the assessment as made is in excess of the amount voted by the tax-payers in each of said towns, and such excess should not have been extended by the county clerk against the property of appellant, and that the tax to that extent is illegal and void. Appellant admitted

its liability to pay this hard road tax if extended on the basis of one-fifth of the valuation of its property and paid that proportion of the tax levied in each of said towns. Upon the hearing the court overruled each of said objections and entered judgment against appellant for the full amount of the taxes as extended. From this judgment appellant has perfected an appeal, and presents for our consideration the sole question whether the legislature had the power, after a tax for hard road purposes had been voted by the electors of a town, and during the time for which it is to be extended, to change the assessed valuation of property from one-fifth to one-third of the full value.

Appellant does not contend the assessment as made was improper for the reason that its right to be assessed for 1909 under the old law became fixed before the act of June 12, 1909, went into effect on July 1 of that year, or that its property was not assessed on the same basis as that used for the assessment of the other property within those towns, but presents only the question whether the legislature has the power, during the period for which a hard road tax is being extended, to change the basis for fixing the assessed valuation of property for the purposes of that tax from that which was fixed by statute at the time the hard road tax was voted by the people. To use the language of counsel for appellant, "the objection is not as to the manner of ascertaining the value or to the officer making the valuation, but the raising the tax on the property from the one-fifth to the one-third value beyond the vote of the 'people and beyond the necessities of the public for hard roads in the several five towns voting for said hard roads." Appellant contends that the vote of the electors in each of said towns authorizing the levy of a hard road tax constituted a contract between the tax-payers of the town and the municipality, and that the law in force at the time the vote was taken fixing the basis of the assessed valuation of all property entered into and became a part of

the contract, and that during the time such tax was to be levied the legislature did not have the power to change that contract by changing the basis of fixing the assessed valuation from one-fifth to one-third of the full value of the property of the tax-payers. No question is raised as to the time when the law became effective as to this tax, but the whole argument of appellant is based on the proposition that the change in the law providing for assessments to be based on one-third instead of one-fifth of the full valuation impairs the obligation of the contract which it is alleged arose between the tax-payers and the municipality upon the voting of the hard road tax.

The relations arising between the tax-payers of the town and the municipality itself, upon the voting of a hard road tax, is in no sense contractual. The fact that the statute requires the levy of this tax to be authorized by a vote of the people does not create any special relationship between the tax-payer and the municipality upon the voting of the levy, in reference to the extension and collection of the tax. When the levy for the special tax has been authorized by vote the tax-payer stands in the same relation to the town in reference to this tax as he does in reference to any other tax, and there is no obligation resting upon the taxing officers, by reason of any condition existing at the time the levy is voted, to extend the tax on any different basis from that used for the extension of all other taxes. The effect of the vote is to merely direct the commissioners of highways to make the levy at the rate per cent voted, and it then becomes the duty of the proper officers to extend the tax, at the rate specified, on the same assessed valuation that all other taxes are extended.

The Hard Road act, at the time the elections in these several towns were held, provided that upon a proper petition being filed with the town clerk he should give notice that at the next annual town meeting a vote would be taken for or against levying a tax, "not to exceed one dollar on

each $100 assessed valuation of all the taxable property,"
for the purpose of constructing the road or roads described
in the petition, and that the petition shall "state the rate
per cent, not exceeding one dollar on each $100, and the
number of years, not exceeding five, for which said tax
shall be levied." The fixing of any portion of the full valu-
ation of property to be used as the assessed value is statu-
tory, and is subject to change by the legislature at any
time. When the electors of these several towns voted to
levy a tax of one dollar per annum on each $100 of the
assessed valuation of their property for five years, they did
so with the knowledge that the legislature had the power
to change the method of fixing the assessed valuation of
property, and even to raise the assessed valuation until it
would coincide with the full value.

The amount of property subject to taxation contained
within any given town varies from year to year. The value
of the property fluctuates, being worth more in some years
than in others, and this necessarily affects the assessed
value of such property, whether that be fixed at the full
value of the property or at some portion of that value. It
cannot be seriously contended that when a town by a vote
determines to levy a tax at a given rate per cent for a
period of five years, the valuation of the property of the
town as fixed by the assessment for that year enters into
and becomes a part of a contract between the tax-payers
and the town, and for the purpose of levying that particular
tax the valuation of the property in that town cannot be
changed from that assessment during such five-year period;
and yet that could be urged with as much force as to say
that the legislature has no power to provide a new or an-
other method of arriving at the assessed value of property,
so far as that particular tax is concerned, during the same
period.

By the act of June 12, 1909, the assessed valuation of
all property was changed from one-fifth to one-third of the

full value. On June 14, 1909, another act to amend section 2 of an act entitled "An act concerning the levy and extension of taxes," approved May 9, 1901, was approved, whereby provision was made for a change of the rate per cent in the extension of certain taxes on account of the change of the assessed valuation from one-fifth to one-third of the full value, but no provision was made for any change in the extension of the rate per cent of the hard road taxes which had theretofore been voted in any town or road district of the State, but, on the contrary, on the same day there was approved an act to amend sections 1 and 4a of the Hard Road act, in which the same provisions for the maximum rate per cent to be voted were retained as contained in the original act. The taxing officers have no lawful authority to extend any tax on any value other than the assessed value, and there being no authority left, in law, for the county clerk to extend the hard road tax upon an assessed valuation of one-fifth of the full value, the only way in which the contractual relations which appellant alleges existed between the tax-payers and the municipality could be preserved and the terms of the proposed contract carried out, would be to reduce the rate per cent from one dollar on the $100 on the basis of an assessed valuation of one-fifth of the full value, to such a rate per cent as would produce the same tax on an assessed valuation of one-third of the full value, which would be sixty cents on the $100. There is no authority in the statute for the county clerk, or any other officer, to so change the rate per cent as fixed by the voters of the several towns.

When the hard road tax was voted in each of these towns at the rate of one dollar on every $100 assessed valuation, it was voted to be levied on such assessed valuation fixed in such manner as was then or should thereafter be provided by law during the period for which the levy was to be made. The Hard Road act does not provide for the voting of a special tax to raise a specified sum of money,

but only for the voting of a tax at a given rate per cent, to be levied annually, for a period not to exceed five years. There is no provision for determining the exact amount needed for the improvement before the vote is taken. The survey, plans, specifications and estimates of the work are not made until after the levying of the tax has been voted. The statute does not contemplate that the exact cost of the proposed work shall be known at the time the vote is taken, and provision is made by section 20 of the act for the disposition of any surplus which may remain in the hands of the treasurer after the completion of the work.

No constitutional right of appellant was invaded by the method used in the extension of this tax. The objections to the application for judgment were properly overruled, and the judgment of the county court is affirmed.

*Judgment affirmed.*