THE PEOPLE *ex rel.* James E. Owen, County Collector, Appellant, *vs.* THE TOLEDO, PEORIA AND WESTERN RAILWAY COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. TAXES—*authority to borrow money for hard roads is in addition to the method provided by special tax.* Section 4a of the amended Hard Roads act of 1909, (Hurd's Stat. 1909, p. 1955,) authorizing the borrowing of money for the construction of hard roads, was not intended to enable the commissioners to anticipate the taxes under a hard roads tax levy of one dollar on each $100 assessed valuation, but was intended to produce funds for the construction of hard roads in addition to such special tax.

2. SAME—*rate at which the county clerk should extend tax for money borrowed for hard roads.* Where a town has voted to borrow money for the construction of hard roads and has issued bonds for the sum borrowed, the county clerk should extend the tax at a rate sufficient to produce the amount required to pay the interest on all the bonds and the principal of the maturing bonds.

3. SAME—*special hard roads tax should be extended at the rate voted for.* Where the voters at the town meeting have voted to levy a tax of one dollar on each $100 assessed valuation for the purpose of constructing the hard roads described in the petition, the county clerk must extend such tax at the rate voted, even though a tax to pay the interest and principal of bonds issued for money borrowed to construct hard roads is also to be levied.

4. SAME—*change made by act of 1909 as to taxable value does not reduce rate of hard roads tax.* The fact that between the time a hard roads tax of one dollar on each $100 assessed valuation was voted, and the extension of such tax, the taxable value of property was changed by law from one-fifth of the actual value to one-third thereof, does not have the effect to reduce the rate at which such special tax is to be extended. (*People v. Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327, and *People v. Chicago and Eastern Illinois Railroad Co.* [*post,* p. 118,] followed.)

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

JOHN P. PALLISSARD, State's Attorney, (O. F. MORGAN, of counsel,) for appellant.

STEVENS, MILLER & ELLIOTT, and FREE P. MORRIS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county collector of Iroquois county made application to the county court of the said county for judgment against the property of appellee for delinquent hard roads tax for the year 1909 levied by the township authorities of Sheldon township, in said county. Appellee objected to judgment. The total hard road tax extended against the appellee's property was $749.69. It paid $449.81 of this amount and filed objections to the remainder, $299.88. The court sustained the objections as to $224.91 of the amount objected to but overruled the objections as to $74.93, and this sum appellee paid. The collector has appealed from the judgment sustaining objections to $224.91 of the hard road tax.

It appears from a stipulation agreed to between the parties at the hearing that at the annual town meeting of said Sheldon township in 1909 the proposition of levying a tax of one dollar on each $100 assessed value of the property, for a period of five years, for the construction of two hard roads in said town, was voted upon and the proposition carried; that on the 8th of May, 1909, at a special election held for the purpose of voting upon the question of borrowing $32,700 for the purpose of constructing and maintaining two hard roads in said town, a majority of the votes were for borrowing the money; that on the 11th day of August, 1909, bonds in the sum of $32,400 were issued and registered with the county clerk, as required by law. It is also stipulated that the commissioners of highways have disposed of the bonds issued and received the money therefor.

The town clerk of the town of Sheldon certified to the county clerk, under date of July 30, 1909, a levy by the

commissioners of highways, under authority of the election at the annual town meeting in 1909, of a special tax of one dollar on each $100 assessed valuation each year for five years, for the purpose of constructing and maintaining two gravel, rock, macadam or other hard roads in the said town. The roads to be constructed were described in the certificate of the commissioners of highways. This certificate of the town clerk was filed with the county clerk on July 31, 1909. Under this certificate the county clerk extended the tax of one dollar on each $100 assessed valuation. Appellee objected to the validity of a part of the tax thus extended on the ground "that the bonds issued in pursuance of the vote taken at the special election were for the same purpose as the original vote at the annual town meeting, and that by operation of law and by virtue of the Hard Road act the bonds took the place of the original tax levy, and no amount of tax could be legally levied or extended except such an amount as was required to pay the bonds maturing in the year 1910, together with interest on all the bonds;" also "that at the time the original vote was taken authorizing a tax of one dollar on each $100 valuation, the law provided that the taxable value of property should be one-fifth of the full valuation thereof, and that the vote taken was with reference to such taxable value, and that afterwards, and prior to the extension of the tax, the law was changed, making the taxable value one-third of the full actual valuation of the property, and that consequently, by operation of law, the rate was reduced so that only such an amount as would have been raised under the original valuation could legally be levied and extended." This last objection has been disposed of contrary to the appellee's contention in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327, and *People* v. *Chicago and Eastern Illinois Railroad Co.* (*post,* p. 118.)

The bonds bore interest at the rate of five per cent per annum, payable semi-annually, and eleven bonds, of $500

each, matured August 2, 1910. Others mature each year thereafter until 1914, when the last of them becomes due.

Appellee's position is, that the only tax that could be levied by Sheldon township for hard roads was a tax sufficient to pay the interest on all bonds and the principal of those maturing in 1910; that the money received from issuing and selling the bonds was simply anticipating the hard road tax authorized to be levied at the rate of one dollar on each $100 assessed valuation, and that that tax could not be levied and an additional tax to meet the principal and interest of the bonds. The principal and interest of the bonds payable in 1910 was $7120. Sixty cents on each $100 of the assessed valuation of Sheldon township would have produced that sum, and appellee insists that to the extent the levy exceeded sixty cents on each $100 assessed valuation it was invalid. Upon that basis appellee concluded $299.88 of the tax extended against its property was unauthorized and illegal, and after paying the excess above that amount objected to judgment against its property for $299.88. The county court adopted the view of appellee, except it held that the tax should have been extended sufficient not only to pay the interest and principal of bonds maturing in 1910, but the semi-annual interest maturing in February, 1911. For that reason the court overruled the objection as to the sum of $74.93 of the amount for which it was sought to recover judgment and sustained the objections as to the residue, $224.91. The question presented, then, is, whether a township having voted a tax of one dollar on each $100 assessed valuation for five years, for hard roads, and having also, by authority of a vote held in accordance with the statute, issued bonds for hard road purposes, may levy a tax of one dollar on each $100 assessed valuation for five years and also an additional tax to pay the principal and interest of the bonds.

The first section of the amended Hard Roads act of 1909 (Hurd's Stat. 1909, p. 1955,) authorizes an election

to be held at the annual town meeting to vote on the proposition "for or against levying a tax not to exceed one dollar on each $100 assessed valuation of all the taxable property, including railroads, in the township or road districts, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads." The petition of the land owners for the holding of such election is required to describe the location and route of the proposed road or roads, and to state the rate per cent, not exceeding one dollar on each $100 of the assessed valuation, and the period of years, not exceeding five, for which the tax shall be levied. Section 2 prescribes the form of the ballot to be used at the election, and section 3 provides that if a majority of the ballots cast at said election are in favor of the special tax, it shall be the duty of commissioners of highways to levy a tax in accordance with the vote and to certify the same to the town clerk in counties under township organization, and the town clerk is required to certify the amount levied to the county clerk, who shall cause the same to be extended on the tax books for the current year. The time for which the special tax levied shall continue is limited to not exceeding five years. Section 4a provides that in counties under township organization where the people have voted for the special hard roads tax, or concurrently with the election for such special tax, "if the commissioners desire to expend on hard roads in their town (or district) a greater sum than is available to them from other sources, they, or a majority of them, may petition the supervisor of the town (or the county clerk of the county) to call a special election to vote on the proposition, which shall be clearly stated in the petition, substantially as follows: 'To borrow ...... dollars to construct and maintain gravel, rock, macadam or other hard roads in the town (or district) of ..........'" Said section further sets out the requirements necessary to a valid petition, prescribes the notice of election to be given and the manner of giving it,

the form of the ballot to be voted at the election, and then provides that if a majority of the legal voters voting at said election favor the proposition to borrow money, the supervisor and town clerk, acting under the direction of the commissioners of highways, "shall issue from time to time, as the work progresses, a sufficient amount in the aggregate of the bonds of said town (or district) for the purpose of building and maintaining gravel, rock, macadam or other hard roads; said bonds to be of such denominations, bear such rate of interest, not exceeding five per cent, upon such time, and be disposed of as necessities and convenience of said town (or district) officers require." The first series are required to mature not more than five years from their date and each succeeding series in succeeding years thereafter. "A record of all issues of said bonds shall be kept in the office of the county clerk of the county in which said township or district is located, and it shall be the duty of such county clerk to extend annually against the property in said township or road district a tax sufficient to pay the interest of said bonds in each year prior to the maturity of such first series and thereafter he shall extend the tax in each year sufficient to pay each series as it matures, together with interest thereon and with the interest upon the unmatured bonds outstanding: * * * *Provided, however,* that the amount, including the principal and interest to be voted upon shall not exceed the amount which can be raised during a period of five years by a levy of one dollar on each $100 of taxable property in said township (or district) as computed on the value of such property as taken for assessment purposes in such town (or district) : *And, provided, however,* that the total amount of such bonded indebtedness shall in no case exceed thirty-five thousand dollars ($35,000), and such town or district shall provide for the payment of such bonds and the interest thereon by appropriate taxation."

It must be conceded that the language used in the act
is not as clear and unambiguous as it might be, but consid-
ering the entire act, together with the object for which it
was adopted, it seems reasonably clear that the legislative
intent was that the special tax levied of one dollar on each
$100 assessed valuation for five years should be entirely
independent of the fund borrowed under authority of a
special election, and the special tax is not to be applied to
the payment of bonds issued upon which the money is bor-
rowed.   Provision is first made for authorizing a special
tax for hard roads.   Then authority is given in townships
having voted for a special tax, if it is desired to expend
a greater sum for hard roads than is available from other
sources, (which means the special tax,) to hold a special
election for the purpose of voting on the question of bor-
rowing money to be expended on hard roads.   If a ma-
jority of the legal voters voting at the said election favor
borrowing money, a sufficient amount of bonds of said
town, not exceeding the aggregate amount voted for, shall
be issued, from time to time, for the purpose of building
and maintaining hard roads.   The petition for a special
election to authorize the levy of a tax of one dollar on each
$100 assessed valuation is required to state the location and
route of the proposed road or roads.   Neither the petition
for nor the notice of the election held to vote upon the
question of borrowing money for hard roads is required
to describe the roads the money is to be used in the con-
struction of.   The bonds issued are required to be reg-
istered with the county clerk, "and it shall be the duty of
such county clerk to extend annually against the property
in said township or road district a tax sufficient to pay the
interest of said bonds in each year prior to the maturity of
such first series and thereafter he shall extend the tax in
each year sufficient to pay each series as it matures, to-
gether with interest thereon and with the interest upon the
unmatured bonds outstanding."

Appellee contends that where money has been borrowed and bonds issued the county clerk is not to be governed, in the extension of the tax, by the levy of one dollar on each $100 valuation made by the commissioners of highways, but he is authorized only to extend the tax at a rate necessary to produce the amount required to pay interest on all the bonds and the principal of said bonds as they mature. This seems clearly incorrect and not to have been intended by the legislature. The special tax authorized might produce a very much larger sum in any one year than would be required to pay the principal and interest on the bonds issued. The amount of money borrowed, including principal and interest, cannot exceed the amount which can be raised during a period of five years by the levy of one dollar on each $100 assessed valuation of the property in the township, but it may be any sum less than that amount. If the construction contended for by appellee is correct, the amount of tax that could lawfully be extended and collected would be limited to the amount necessary to pay the bonds, and the township would thus be prevented from collecting the amount it had voted to raise and expend on hard roads. While money for hard roads can only be borrowed by townships that have authorized the special tax, the statute does not require it to be expended upon the roads the special tax is levied to construct. The roads upon which the borrowed money is to be expended appear to be left to the discretion of the commissioners of highways, while the money received from the special tax levy of one dollar on each $100 assessed valuation is required to be expended upon the roads described in the petition for the election to authorize the tax.

The authority given by the statute to borrow money for the construction of hard roads was not intended to enable the commissioners to anticipate the taxes under the levy of one dollar on each $100 assessed valuation, but was intended to produce means for the construction of hard roads

in addition to said special tax. The special tax is to be extended each year at the rate authorized and levied by the commissioners of highways. The tax to pay the principal and interest on the bonds is to be extended each year by the county clerk with whom the bonds are registered, at a rate sufficient to produce the amount required to pay the interest on all the bonds and the principal of maturing bonds. It seems to us any other construction of the statute would lead to confusion and inconsistencies.

Our conclusion therefore is that the county court erred in sustaining the objections to a part of the special tax, and its judgment is therefore reversed and the cause remanded, with directions to overrule the objections and render judgment for said tax.

*Reversed and remanded, with directions.*