THE PEOPLE *ex rel.* B. F. Moore, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*a hard roads tax may be extended on basis of one-third instead of one-fifth value of property.* The fact that at the time a hard roads tax was voted the law authorized the assessment of property to be made on the basis of one-fifth of its actual value does not entitle a tax-payer to insist that such basis be continued throughout the whole period for which the tax was voted, and if the basis for assessing property is changed by law the tax must be extended on the basis as changed. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327 and 360, followed.)

2. SAME—*when judgment overruling objections to county and city tax is wrong.* A judgment overruling objections to a county and city tax and ordering a sale of the property is wrong, and must be reversed where the aggregate rate of taxes in the city which were subject to reduction exceeded three per cent and were not reduced by the county clerk, as required by the amended Revenue law of 1909; and the fact that the objector did not prove that the city was the taxing district having the highest aggregate rate is not ground for sustaining the judgment.

3. SAME—*it is sufficient ground for reversal if some substantial part of judgment is for an illegal tax.* It is not necessary, in reviewing a judgment at law for taxes, that the reviewing court shall be able to separate the legal from the illegal taxes, and if it appears that a judgment, which is an entirety, includes some illegal or improper items of taxes, it will be reversed and the cause be remanded, even though it may be necessary to hear evidence in the court below to separate the legal from the illegal taxes.

APPEAL from the County Court of Wabash county; the Hon. J. A. LOPP, Judge, presiding.

P. J. KOLB, (L. J HACKNEY, of counsel,) for appellant.

W. H. STEAD, Attorney General, H. M. PHIPPS, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment for delinquent taxes and an order of sale entered by the county court of Wabash county against the Cairo, Vincennes and Chicago Railway Company. The taxes objected to by the railroad company were: county taxes $507.42, city taxes in the city of Mt. Carmel $106.42, and hard road taxes in road district No. 3 $231.98. The collector made a *prima facie* case and certain facts were stipulated by the parties on behalf of the railroad company. The court overruled all of the objections and rendered judgment for $845.47, together with costs and interest, bringing the total amount of the judgment up to $863.51. Exceptions were duly preserved to the rulings of the court, and the railroad company has prosecuted an appeal to this court for the purpose of securing a reversal of the judgment below.

The objection to the hard road tax in district No. 3 is that it was levied on a valuation of one-third instead of one-fifth, as the law required at the time the hard road tax was voted by said district. Appellant's contention as to this tax is, that a tax-payer has the right to insist that the several installments of a hard road tax shall be levied upon the same basis of valuation that existed at the time the tax was voted. It is contended that to extend such hard road tax at the rate fixed by the vote on the basis of one-third instead of one-fifth of the value of the property will increase the burden of the tax-payers beyond that contemplated and authorized by the vote of the people. The precise question raised upon this record was considered by this court in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327, and *People* v. *Cairo, Vincennes and Chicago Railway Co.* id. 360, and determined adversely to the contention of appellant. It is not necessary to repeat the reasons which led to our former conclusion upon this

question. We see no reason for a modification of the views expressed in those cases.

The objection to the county tax and the city tax of Mt. Carmel is that the county clerk extended those taxes without having reduced the rate, as is required by the amendatory act of June 14, 1909. The aggregate amount of taxes levied on each $100 valuation in the city of Mt. Carmel is $4.22, composed of the following taxes: County tax, 75 cents; school tax, $1.50; State tax, 35 cents; city tax, $1.20; city bond tax, 30 cents; city library tax, 12 cents. There is a recital in the abstract that the aggregate rate of taxes was higher in the city of Mt. Carmel than in any other taxing district of the county, but there is no evidence in the record to support this statement. The aggregate of the rates in other taxing districts is not stated in the record, and there is nothing from which we can determine that the city of Mt. Carmel is the district having the highest aggregate rate of taxes. Appellee's only answer to appellant's objection to these taxes is that appellant failed to prove that Mt. Carmel was the district having the highest aggregate rate of taxes in the county, from which it is argued that appellant has failed to show that the aggregate rate in Mt. Carmel should be reduced to three per cent on the $100. This argument is not sound.

It is not necessary, in reviewing a judgment at law for taxes, that the reviewing court should be able to separate the legal from the illegal taxes. It is sufficient to warrant a reversal that some substantial part of the judgment is for an illegal tax. When it appears that a judgment which is an entirety includes some illegal or improper items of taxes, the judgment will be reversed and the cause remanded even though it may be necessary to hear additional evidence in the court below in order to make a separation of the legal and illegal taxes. In *Campbell* v. *State,* 41 Ill. 454, this court held that where a tax is levied upon land for the support of three schools, and for the support

of one of the schools the land is not liable to be taxed, unless the tax is so levied as to show to what portion the land is legally liable an application for judgment against the land for its non-payment must be reversed. The rule in equity where a bill is filed to enjoin the collection of taxes is, that the tax-payer must point out in his bill what portion of the tax is legal and what illegal, in order that the court may be enabled to properly discriminate between them and determine what portion of the entire tax should be paid and what enjoined. High on Injunctions, sec. 497; *Taylor* v. *Thompson,* 42 Ill. 8.

The county court erred in rendering judgment for the county and city tax of Mt. Carmel. It clearly appears that the county clerk, in extending these taxes, wholly disregarded the amendatory law of 1909.

The judgment of the county court is affirmed in so far as the hard road tax is concerned, but for the error in rendering judgment for the county and city tax the judgment is reversed and the cause remanded.

*Reversed and remanded.*