(No. 14156.—Judgment affirmed.)

THE PEOPLE *ex rel.* Homer M. Browne, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. TAXES—*the legislature may change assessed valuation at any time.* The fixing of any portion of the full valuation of property to be used as the assessed valuation is a statutory matter and is subject to change by the legislature at any time.

2. SAME—*a municipality must pay principal and interest on bonds as they become due.* Where a municipality issues bonds under legislative authority it must pay the principal and interest on the bonds as they become due, and the legislature cannot lawfully reduce the tax rate to a point where it will not produce enough to meet such obligations, as the municipality is under a contractual relation with the bondholder to maintain a tax rate, within the rate fixed by law at the time the bonds were authorized, sufficient to pay the principal and interest as they fall due.

3. SAME—*when tax rate needed to pay municipal bonds is not affected by a subsequent legislative reduction of rate.* Where a municipality has established the tax rate necessary to pay the principal and interest on bonds issued pursuant to an election under section 112 of the Roads and Bridges act, and the legislature subsequently raises the assessed valuation of property from one-third to one-half and reduces the tax rate accordingly, the bond tax may be levied at the rate originally authorized although it is in excess of the reduced rate. (*People* v. *Illinois Central Railroad Co.* 295 Ill. 408, explained.)

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

FREE P. MORRIS, and ROSCOE C. SOUTH, (H. T. DICK, of counsel,) for appellant.

ELMER A. TAYLOR, State's Attorney, and W. E. LEWIS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Upon application being made to the county court of Iroquois county by the county collector of that county for judgment for delinquent taxes assessed against the property of appellant for the year 1920, objections were made by appellant to a special tax for hard roads of the town of Fountain Creek. Fountain Creek had in April, 1919, pursuant to the provisions of section 112 of the Roads and Bridges act, authorized bonds for road purposes to be issued to the amount of $50,000. At that time the basis of assessment for taxation was fixed by the legislature at one-third of the full value of the property in the town, and section 112 above mentioned authorized the taxing authorities to extend a tax against the property in said town at a rate of one dollar per annum on each $100 of the assessed valuation of said property. In 1919 the legislature, by acts which became effective July 1, changed the basis of assessment for taxation from one-third to one-half of the full value of property in the State and reduced the rate which might be extended under section 112 of the Roads and Bridges act from one dollar on each $100 of the assessed valuation to sixty-six and two-thirds cents on each $100 assessed valuation. The amount of taxes which could be raised, therefore, remained exactly the same, and appellant contended that the taxing authorities had no right to extend a tax against its property on account of this special tax for hard roads in excess of sixty-six and two-thirds cents on each $100 of the assessed valuation of its property in the town for the year 1920. The bonds had been issued

in five annual series of $10,000 each, the first series of which matured on November 1, 1920. In order to raise enough money to pay the principal and interest due on these bonds in 1920 it was necessary for the county clerk to extend against the property of the town, taxes at the rate of seventy-six cents for each $100 of the assessed valuation of the property of the town. The objection is to the excess of nine and one-third cents on each $100 of the assessed valuation. On hearing the county court overruled the objection of the appellant and entered judgment against it for the full amount of the taxes as extended. From this judgment appellant has perfected an appeal to this court.

It has been conclusively settled as the law of this State that the fixing of any portion of the full valuation of property to be used as the assessed valuation is statutory and is subject to change by the legislature at any time. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327; *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 id. 446.) When the electors of the town of Fountain Creek authorized a levy of a tax of one dollar per annum on each $100 of the assessed valuation of their property for five years to pay the principal and interest on bonds to the amount of $50,000, they did so with the knowledge that the legislature had the power to change the valuation at which property was to be assessed to any portion of the full value of the property or to fix the full value of property as the basis for assessment. It has also been settled as the law of this State that where bonds are issued pursuant to authority given by the legislature under a statute authorizing the extension of a certain tax to pay the principal and interest of these bonds as they become due, the legislature has no authority to reduce the tax rate to a point where it will not produce enough money to meet the obligations incurred by the issuance of the bonds, on the ground that it impairs the obligation of a contract.

(*People* v. *Hoerr,* 294 Ill. 338.)   When a municipality in this State issues bonds under authority given it by the legislature it must pay the principal and interest on those bonds as they become due.   In the case before us it does not, as a matter of fact, make any difference to the tax-payer or to the bondholder whether the taxes are extended at the sixty-six and two-thirds cents rate or at the seventy-six cents rate.   The tax-payer must eventually pay enough taxes to retire these bonds and the bondholder will eventually get his principal, with interest.   While a municipality is under no contractual relation with the tax-payers to retain the same method of fixing the assessed valuation of property, it is under a contractual relation with the bondholder to maintain a tax rate, within the rate fixed by law at the time the bonds were authorized, sufficient to pay the principal and interest as they fall due.

Appellant relies on *People* v. *Illinois Central Railroad Co.* 295 Ill. 408, as authority for its position, and insists that the holding in that case is conclusive of the issues in this case.   The facts in the case cited were the same as the facts in the case before us, but the court did not consider the contractual relation existing between the bondholder and the town, and, so far as the opinion shows, the question was not presented for determination.   It is true that on bonds authorized to be issued under the provisions of section 112 of the Roads and Bridges act after July 1, 1919, the rate to be extended could not exceed sixty-six and two-thirds cents on each $100 of the assessed valuation of the taxable property, but this is not true where bonds were issued pursuant to an election held under the section prior to July 1, 1919.

The judgment of the county court is affirmed.

*Judgment affirmed.*