JOHN HUSTON *et al.*

*v.*

LOUIS M. NEWGASS *et al.*

*Opinion announced orally October 4, 1907.*

APPEALS AND ERRORS—*section 100 of Practice act controls time for filing a transcript of record.* The act of May 13, 1907, (Laws of 1907, p. 262,) which purports to amend section 5 of the act on courts, approved in 1897, is incompatible with section 100 of the Practice act, approved June 3, 1907, (Laws of 1907, p. 443,) and hence the latter, being the later enactment in point of time, repeals said act of May 13 by implication, and controls as to the time for filing the transcript of record in courts of review.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

WENDELL HUSTON, and M. HENRY GUERIN, for appellants.

NEWMAN, NORTHRUP, LEVINSON & BECKER, HARRY GOODMAN, and CHESTER E. CLEVELAND, for appellees.

Mr. JUSTICE SCOTT announced the opinion of the court:

This is a motion by the appellees to dismiss the appeal. Prior to July 1 of this year appeals to this court were regulated by section 3c of the chapter on courts, (Hurd's Stat. 1905, p. 598,) which provided that if thirty days intervened between the time of taking the appeal and the first day of the succeeding term of this court the transcript of record

should be filed here on or before the second day of that term, but that if less than thirty days intervened then the transcript should be filed on or before the second day of the next succeeding term of this court. The present legislature, by an act approved May 13 of this year, amended that section so that it provided that if fifty days intervened between the time of taking the appeal and the first day of the succeeding term of this court then the transcript should be filed on or before twenty days before the first day of the term, but that if less than fifty days intervened the transcript should be filed on or before twenty days before the first day of the next succeeding term of this court. Thereafter the legislature passed, at the same session, what is commonly known as the Practice act, which was approved on June 3 of this year. (Laws of 1907, p. 443.) By section 100 of that act it was provided that when an appeal is taken to this court, if twenty days intervened between the adjournment of the term of the court at which the appeal is taken and the first day of the next term of this court then the transcript of the record should be filed on or before the second day of that term, or if ten days intervened between the adjournment and the first day of this court and twenty days did not intervene, then the transcript should be filed on or before the tenth day of such succeeding term of this court. In this case the appeal was prayed more than fifty days before the first day of this term of this court. The transcript was not filed twenty days before the first day of this term, and it is contended by appellees that the matter is controlled by section 3c of the chapter on courts, as amended by the act approved May 13 of this year. (Laws of 1907, p. 262.) We find that this act of May 13 and section 100 of the Practice act, passed during the present year, are incompatible and both cannot stand. That being true, the latter act prevails. In that view of the matter the transcript of the record was filed in due time, and the motion will be denied.

*Motion denied.*