THE PEOPLE *ex rel.* Arthur Tarman, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*Roads and Bridges act of 1913 changes method of certifying the hard roads tax.* While such of the provisions of the Hard Roads act of 1883 as are retained unchanged in the Roads and Bridges act of 1913 must be regarded as having been continuously in force notwithstanding the express repeal of the Hard Roads act, yet the provision as to certifying the tax has been changed by the act of 1913 so as to require the highway commissioners to certify the tax directly to the county clerk, and unless the tax is certified in such manner it is invalid.

2. The question of the validity of the road and bridge taxes here involved is controlled by the decision in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 429.)

APPEAL from the County Court of Clark county; the Hon. H. R. SNAVELY, Judge, presiding.

P. J. KOLB, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

E. D. JONES, State's Attorney, J. W. GRAHAM, and AR-
THUR POORMAN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county collector of Clark county made application
to the county court of that county for judgment and order
of sale against the property of appellant for various de-
linquent taxes. Appellant objected to the road and bridge
taxes of the towns of Wabash, Marshall, Darwin and York,
on the ground that when the present Road and Bridge act
went into effect on July 1, 1913, those townships were un-
der what is commonly known as the labor system, and that
appellant had paid in labor in the several road districts in
said townships the tax extended to the amount of the sev-
eral sums objected to. The road and bridge tax of the
town of York was objected to upon the ground that the tax
was levied under section 58 of the present Road law to
pay damages agreed upon, allowed or ordered for the laying
out, widening, altering or vacating roads and for ditches to
drain roads, whereas no such damages had been allowed
or agreed upon. The hard road tax in the town of Wa-
bash, amounting to $592.11, was also objected to. Each
of these objections was overruled and judgment and order
of sale entered.

The question raised by the objection to the road and
bridge taxes of the towns of Wabash, Marshall and Dar-
win, and to $131.28 of the road and bridge taxes of the
town of York, being the amounts theretofore paid in labor,
has been determined at the present term in *People* v. *Illi-
nois Central Railroad Co.* (*ante,* p. 429,) and for the rea-
sons there given the objections were properly overruled.

It is conceded that there is no proof in the record as
to whether damages had been agreed upon in reference to
the road and bridge tax of the town of York in the sum
of $88.40, which was levied under section 58 of the pres-
ent Road and Bridge act, and that the objection was prop-

erly overruled, but it is insisted that an improper judgment was entered for this and the other taxes. The contention is that the judgment ordered the sale of all the property of the railroad company within Clark county to satisfy the delinquent taxes levied by only a portion of the taxing districts in that county upon the property of appellant within such taxing districts. We are of the opinion that the judgment is not subject to the criticism made against it, as it is apparent that that portion of appellant's property included in each taxing district was ordered sold for the tax levied within such district.

The hard road tax in the town of Wabash was objected to upon the ground that the tax was extended upon a certificate of the town clerk dated September 2, 1913, stating that at the annual town meeting held on the first day of April, 1913, a special tax of one dollar on each $100 assessed valuation was levied for the purpose of constructing and maintaining certain gravel roads, and it is urged that such certificate did not constitute proper or lawful authority for the extension of said tax by the county clerk. The election at which the special tax for constructing and maintaining the gravel road was voted, and the proceedings incident thereto, were had under the Hard Roads act approved June 18, 1883, in force July 1, 1883. This act was expressly repealed, without any saving clause, by an act to revise the law in relation to roads and bridges approved June 27, 1913, in force July 1, 1913, and which has been heretofore referred to as the present Road and Bridge act. The Hard Roads act of June 18, 1883, was incorporated in the present law almost verbatim, about the only material change being, that whereas under the old act the commissioners of highways were required to levy a tax in accordance with the vote and certify the same to the town or district clerk, who, in turn, was required to certify the amount voted to the county clerk, under the present law it is the duty of the commissioners of highways to levy an annual

tax in accordance with the vote and certify the same directly to the county clerk and cause a copy of such levy to be filed in the office of the town or district clerk. It then becomes the duty of the county clerk to cause the levy thus certified to him to be extended on the tax books for the current and each succeeding year, as stated in the certificate so filed with him. Where a statute is expressly repealed but a portion or all of it is re-enacted in the repealing statute, the re-enactment neutralizes the repeal so far as the provisions of the old law obtain in the new one, and as to the portions unchanged in form or substance the repealing act is a mère continuation of the original act. (Section 2 of the act in relation to construction of the statutes; *White Sewing Machine Co.* v. *Harris,* 252 Ill. 361; *Merlo* v. *Coal and Mining Co.* 258 id. 328.) The vote had under the old law upon the proposition to levy a tax for hard roads in the town of Wabash was therefore binding under the new act and was sufficient authority for the commissioners of highways to make a levy and certify the same. The levy must be made and certified, however, according to the provisions of the new act. The act in force July 1, 1913, provided that this levy should be certified directly to the county clerk and should be his authority for the extension of the tax. The only authority for the extension of the hard roads tax by the county clerk is the certificate of the commissioners of highways, and without such certificate any attempt to extend this tax is illegal and void. The certificate of the town clerk was not a compliance with the statute and did not warrant the county clerk in extending the tax.

The judgment of the county court overruling the objections to the road and bridge taxes of the towns of Wabash, Marshall, Darwin and York is affirmed. The judgment is reversed as to the hard road tax of the town of Wabash and the cause is remanded, with directions to sustain the objection to that tax.

*Reversed in part and remanded, with directions.*