LEE E. SHAVER *et al.* Appellants, *vs.* THE TOWN OF ELK-HORN GROVE *et al.* Appellees.

*Opinion filed October 24, 1916.*

TAXES—*highway commissioners must certify levy of hard road tax for entire period authorized by election.* By section 110 of the Roads and Bridges act of 1913 the commissioners of highways are required to certify the levy of a hard road tax directly to the county clerk for the full period authorized by the election and the tax must be extended by the county clerk "for the current year and for each succeeding year," and where the commissioners certify the levy only for the current year and for the previous year when the collection of the tax was enjoined, without making a certificate for the full five-year period for which the tax was authorized to be levied, the county clerk has no authority to extend the tax for the years certified and the collection of the tax may be enjoined.

APPEAL from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding.

GEORGE L. HOFFMAN, for appellants.

F. J. STRANSKY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Carroll county dismissing for want of equity a bill in chancery filed by tax-payers of the town of Elkhorn Grove, in said county, to enjoin the collection of a hard road tax ex-

tended upon the collector's books for the years 1914 and 1915.

At an election held in the town of Elkhorn Grove on May 10, 1913, it was voted to levy a special tax of seventy cents on each $100 of the assessed valuation of property in said town for five years to construct certain hard roads described in the petition for the election. The proposition for levying the tax was carried by a vote of 69 for to 56 against, and on the 14th day of May, 1913, the commissioners of highways of the town of Elkhorn Grove filed with. the town clerk of said town what purported to be a certificate of levy of the special tax of seventy cents on the $100 for five years. The tax for the revenue year 1913 was extended by the county clerk under the authority of the certificate of the commissioners of highways filed with the town clerk and by the town clerk filed with the. county clerk. The collection of that tax was at the suit of tax-payers enjoined by the circuit court by decree entered at the March term, 1914, of said court and on the 9th day of said month of March. The decree is a part of this record, and recites that the commissioners of highways held no meeting, either regular or special, for the purpose of levying and certifying the tax required by law and that the levy was illegal and void. The decree recited that the injunction was not to interfere with the collection of other taxes or with the right of the commissioners to make a proper levy of said special tax. After that decree was entered, and on March 28, 1914, the commissioners of highways of said town held a meeting at which they determined upon a levy of the special tax of seventy cents on the $100 for the years 1914, 1915, 1916 and 1917, and filed said certificate in the office of the town clerk of said town, who certified the same to the county clerk of Carroll county. The tax for 1914 was extended upon the collector's books for that year by the county clerk. At the suit of tax-payers the circuit court of Carroll county enjoined the collection

of that tax, for the reason, as recited in the decree, that the commissioners did not certify the levy to the county clerk, as required by law, and that said county clerk had no authority to extend the tax upon the collector's books.

At a special election in and for said town, held prior to the first Tuesday in April, 1914, it was voted by said town to change to the single highway commissioner system, and at the annual town election Warren Benedict was elected sole commissioner in and for said town. As such sole commissioner, on the 17th day of August, 1915, and again on the 7th day of September, 1915, he made a certificate which recited he had determined and certified that there should be levied upon the taxable property of the town a special tax of seventy cents on each $100 for hard roads for the revenue year 1915. The certificate further recited that the hard road tax for the revenue year 1914, which was prevented from being collected by erroneous proceedings in certifying it, should be added to the hard road tax for the revenue year 1915 in separate columns, as provided by law. The certificate concluded that there should be levied seventy cents on each $100 for hard road tax for the revenue years 1914 and 1915. On the 9th day of September, 1915, said sole commissioner filed with the county clerk a certificate addressed to the board of supervisors of Carroll county, in which he recited that on the 17th day of August, 1915, and again on the 7th day of September, 1915, he had determined upon and levied, in accordance with the vote at the special town meeting on May 10, 1913, a special tax at the rate of seventy cents on each $100 of the assessed valuation for the purpose of constructing hard roads for the revenue year 1915, and also that said hard road tax for the revenue year 1914 previously levied by the commissioners of highways and which was prevented from being collected by reason of erroneous proceedings in certifying it, should be added to the hard road tax for the year 1915 in separate columns, as provided by law. Said sole commissioner also

on the 18th day of August, 1915, filed with the county clerk a certificate reciting the election upon the question of levying the hard road tax held on May 10, 1913, the result of it, the levy of the special tax made by his predecessors in office, setting out in full the certificate made by them, and stating that by reason of erroneous proceedings in levying the tax for the year 1914 its collection was prevented and remains due and unpaid; that the special tax for the years 1914, 1915, 1916 and 1917 remains in full force and was to be assessed against the taxable property in said town for each of those years and collected in the manner required by law. No attempt appears to have been made to collect the tax extended for the year 1913, the collection of which was enjoined by a decree of the circuit court entered in March, 1914. Under the authority of the certificate of levy of Warren Benedict, sole commissioner of highways of said town, the county board ordered the levy for the year 1915 extended by the county clerk, and also ordered said clerk to extend in separate columns on the collector's books of said town for the year 1915 the hard road tax for the year 1914.

It is first contended by appellants that the election held May 10, 1913, in said town for the purpose of voting upon the question of levying a special tax for hard roads was illegal. In its decree of March, 1914, the circuit court specifically found and held that the election was regular and legal, and in substance so held in its decree of March, 1915. We have examined the question, and being of the opinion there is no merit in it will not enter upon any discussion of it.

Three principal questions are presented by this record: (1) Whether the levy for the year 1915 was legal; (2) if it was, whether the tax for the year 1914 was lawfully added to the tax levied for the year 1915 and entered in separate columns upon the collector's books for that year; and (3) whether, if it should be held the tax levied for the year 1915 was legal and the tax extended on the col-

lector's books for the year 1914 is illegal, the bill for injunction was properly dismissed.

Under the act of 1883 authorizing the levy of a hard road tax pursuant to an election held for that purpose, the commissioners of highways were required to make the levy and certify it to the town clerk in counties under township organization, who was required to certify it to the county clerk. The act of 1883 was repealed by the Roads and Bridges act of 1913, but much of the former act was continued in force by re-enactment in the later one. Some changes were made by section 110 of the later act, which took the place of section 3 of the former act. By said section 110 of the 1913 act the commissioners of highways were required to certify the levy to the county clerk. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 265 Ill. 634.) By reason of the error of the commissioners of highways in certifying the levy for 1914 to the town clerk and not to the county clerk the levy was held illegal and its collection enjoined. Warren Benedict, who at the town election in 1914 was elected sole commissioner and successor to the former commissioners, certified and filed with the county clerk the levy of the tax for the year 1915, and also certified to the levy of the tax for the year 1914 by his predecessors and the reasons why its collection was prevented, and asked that the tax for that year be extended in separate columns upon the collector's books for 1915 and collected that year. The tax for 1914 was so extended on the collector's books.

If we correctly understand one of the appellants' contentions, it is that the levy was required to be made for the full five-year period authorized by the election, and that as no tax was levied for the year 1913 and no legal levy was made for the year 1914 the attempted levy for 1915 was void. In *People* v. *Illinois Central Railroad Co.* 237 Ill. 154, we held that under the act of 1883, when a hard road tax was authorized by vote for a period of years,

275 − 10

the commissioners should certify in one certificate the levy
for each year of the period.  The court quoted section 3 of
the act, requiring the commissioners to levy a tax in ac-
cordance with the vote and certify the same to the town
clerk, who should "certify the amount voted" to the county
clerk, "who shall cause the same to be extended on the tax
books for the current year," and held that the tax to be lev-
ied by the commissioners and certified to the town clerk and
by him to the county clerk "is the amount of the tax voted,
which in this case was a tax of thirty cents on the $100
valuation for the period of three years."  The court further
said there was no provision in the statute requiring the
commissioners to make a levy for each year of the period
for which the tax was authorized or for the town clerk to
make a separate certificate each year to the county clerk,
and further said: "We think it apparent, therefore, that
the legislature contemplated that one tax levy for the entire
tax voted should be made and certified by the commission-
ers of highways to the town clerk and that one certificate
be made of such tax by the town clerk for the entire tax
levy, and that annual levies and certificates are not contem-
plated by the statute."

Section 3 of the act of 1883 became section 110 of the
act of 1913.  As re-enacted it required, as we have seen,
that the levy be certified by the commissioners direct to the
county clerk, who should cause the levy thus certified to
him to be extended on the tax books for the current year
"and for each succeeding year, as stated in the certificate so
filed with him."  The language in quotations is not found
in the act of 1883 but was added by the re-enactment of
1913.  The former act was not clear and explicit in this
respect, and if the correctness of the construction given it
in *People* v. *Illinois Central Railroad Co. supra,* was suffi-
ciently doubtful to require or justify our again consider-
ing it, it seems clear the General Assembly intended by the
act of 1913 to make it plain by the language used that its

intention was as this court held it to be in construing the act of 1883. In addition to requiring the county clerk to extend the tax certified to him "on the tax books for the current year," which was the language of the act of 1883, the act of 1913 required him to extend the tax "for each succeeding year, as stated in the certificate so filed with him."

Section 111 of the act of 1913 is also different from section 4 of the act of 1883. Section 4 of the act of 1883 required the county clerk to extend the special tax on the tax books for the State and county taxes in separate columns, as other taxes are extended. Section 111 of the act of 1913, which takes the place of section 4 of the act of 1883, requires that the county clerk, in making out the tax books for State and county taxes, "shall in each year for the number of years stated in such certificate extend the special tax in separate columns," as other taxes are extended. The legislature knew of the construction placed by this court upon the former act. That decision was filed in 1908, and the legislative body, in re-enacting the old statute in the act of 1913, used language evidently intended to make its intention plain and leave little room for question or construction. If the purpose and intent had been that a separate levy should be made for each year of the period for which the tax was voted, the later act would not have coupled with the former requirement that the tax be extended for the current year, the further requirement that the tax be extended by the county clerk for each succeeding year as stated in the certificate filed with him, and the requirement of section 111 that the county clerk extend the tax "in each year for the number of years stated in such certificate." In this case, as we understand the record, no attempt was ever made to certify the tax levy for the period of five years, either to the town clerk or the county clerk. The decree of the circuit court enjoining the collection of the taxes for the year 1913 finds and recites that no meet-

ing, regular or special, of the commissioners of highways of the town was held for the purpose of levying the tax for that year. After the entry of that decree the commissioners held a special meeting and attempted to levy and certify the tax for the remaining four years of the five-year period, but they filed no certificate of such levy with the county clerk as the law then required and the collection of the tax extended for the year 1914 was enjoined. The next attempt to levy and certify the tax was made by Benedict, sole commissioner of highways for the town, on the 17th day of August, 1915, and on the 7th day of September, 1915. In the first certificate filed by him with the county clerk he recited that he had determined upon and levied the special tax at the rate of seventy cents on the $100 valuation of the taxable property in the town for the revenue year 1915. Said sole commissioner also filed a similar certificate of levy with the county clerk, dated September 7, 1915. In each of said certificates the sole commissioner recited that the collection of the tax for the year 1914 had been prevented by reason of erroneous proceedings and asked that it be extended in separate columns on the tax books of 1915, but he made no certificate of the annual tax voted for the period of years for which the tax was authorized to be levied. The levy by the sole commissioner not having been made in the manner required by the statute, the extension of the tax for the year 1915 and the placing of the tax attempted to be levied for the year 1914 upon the tax books did not authorize the county clerk to extend the tax for either of those years upon the tax books, and the collection of said taxes should have been enjoined, as prayed in the bill.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree as prayed in complainants' bill.

*Reversed and remanded, with directions.*