(No. 11724.—Reversed and remanded.)

THE PEOPLE *ex rel.* M. T. Kiggins, County Collector, Appellant, *vs.* THE WABASH RAILWAY COMPANY, Appellee.

*Opinion filed December 19, 1917.*

TAXES—*when tax to pay bonded indebtedness need not be included in annual appropriation and tax levy ordinances.* Where a city provides for a bond issue by an ordinance which also provides for the levy of a direct annual tax to pay the interest and the principal of the bonded indebtedness, as required by section 12 of article 9 of the constitution, said tax may be extended without including the amount of the bonded indebtedness each year in the annual appropriation and tax levy ordinances. (*Shaver* v. *Town of Elkhorn Grove,* 275 Ill. 141, explained.)

APPEAL from the County Court of Montgomery county; the Hon. T. J. McDAVID, Judge, presiding.

J. EARL MAJOR, State's Attorney, (LANE, DRYER & BROWN, of counsel,) for appellant.

D. R. KINDER, (N. S. BROWN, and J. L. MINNIS, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Montgomery county refusing to enter judgment against the lands and lots of the appellee railway company for failure to pay certain taxes of the village of Raymond, in said county.

It is conceded that on the hearing in the trial court the collector made a *prima facie* case for the people by the introduction of the delinquent tax list and proof of notice of application for judgment under the rulings of this court in *People* v. *Chicago and Alton Railroad Co.* 140 Ill. 210, *Kirchman* v. *People,* 159 id. 265, and *People* v. *Wabash Railroad Co.* 256 id. 626, but the appellee insists that the

county clerk without authority levied on its property thirty-six cents on the $100 of the tax extended by the county clerk for the village of Raymond, the portion claimed to be illegal amounting to $84.06.

On the hearing before the county court two ordinances were introduced, which it is claimed by the State justified the levying of the entire tax of $1.56 on the $100,—$1.20 of the amount being based on the annual tax levy ordinance for said village for the fiscal year ending the first Monday of May, 1917. The thirty-six cents on the $100 to which objection was made and sustained was based on an ordinance of said village which provided for borrowing money on the credit of said village under article 5 of the Cities and Villages act, in the aggregate amount of $6500, for constructing a drainage system in said village, and authorized that thirteen bonds, each for $500, dated September 1, 1916, be issued by said village, and in order to liquidate the principal bonded indebtedness and pay the interest thereon, required that there be levied on all the taxable property certain specific sums each year for the period of thirteen years, beginning with 1916. This ordinance also provided for a special election to submit the ordinance to the people for a vote of approval, and also provided for certifying it, properly attested by the president and clerk, to the county clerk. The thirty-six cents provided for under this second ordinance for payment of the bonded indebtedness and interest for the year in question was not included in or made a part of the annual tax levy ordinance, and it is insisted by counsel for appellee that in order to have the tax levy legal for the payment of this bonded indebtedness and interest, it should have been so included. Counsel for appellant argue that it was not necessary to have the thirty-six cents provided for under said second ordinance for the payment of said bonded indebtedness made each year a part of the annual tax levy ordinance, as the ordinance which provided for the bonded indebtedness authorized an annual tax levy to pay it, and

counsel argue that is all that is required for the levy for bonded indebtedness for the present year.

In *People* v. *Day,* 277 Ill. 543, it was held that section 12 of article 9 of the constitution, requiring any municipality issuing bonds to provide for a direct annual tax to pay the interest as it falls due and to pay the principal within twenty years, is self-executing, so that a municipality which has complied with such provision may levy and collect a tax although it is not included in the annual appropriation bill required by the statute. Under the reasoning of this court in that case, and in *Shaver* v. *Town of Elkhorn Grove,* 275 Ill. 141, *People* v. *Cairo, Vincennes and Chicago Railway Co.* 265 id. 634, and other like cases, it must be held that the city having passed an ordinance providing for the levying of an annual tax, there is no necessity to include the amount of the bonded indebtedness each year in said annual appropriation or tax levy ordinance.

It is insisted by counsel for appellee that under the reasoning of *Shaver* v. *Town of Elkhorn Grove, supra,* it was necessary to include in the tax levy ordinance for each year this levy for bonded indebtedness, or to have an ordinance covering the entire period for which the bonded indebtedness is to run. We think the ordinance here in question was so drawn as to cover this very point. It provided that a certified copy of the ordinance should be filed by the clerk of said village with the county clerk of Montgomery county; that the said county clerk should ascertain the necessary rate for each year to raise the amount of money required by said ordinance, and that said sum so levied as aforesaid should be extended upon the tax rolls of the county each year and collected each year at the same time and in the same manner as the other taxes of said village are collected. This bond ordinance therefore specifically covered the entire period of said bonded indebtedness, in accordance with the reasoning of this court in *Shaver* v. *Town of Elkhorn Grove, supra.*

The county clerk was authorized, under said ordinance providing for the bonded indebtedness, to extend the tax for said bonded indebtedness for the year in question, and the county court improperly sustained objections to said tax.

The judgment of the county court will be reversed and the cause remanded to that court, with directions to overrule the objections as to the tax for the bonded indebtedness.

*Reversed and remanded, with directions.*