(No. 13585.—Reversed and remanded.)

THE PEOPLE *ex rel.* Ed. M. Heaton, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1920.*

1. TAXES—*rate fixed by highway commissioner cannot be raised by county clerk.* The rate fixed by the highway commissioner for a road and bridge tax cannot be raised by the county clerk so as to produce the amount certified to him, although section 56 of the Revenue act, as amended in 1919, would have justified the raise had it been made by the commissioner. (*People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 271 Ill. 487, followed.)  ·

2. SAME—*amendment of June 30, 1919, to section 112 of Road and Bridge act·repeals amendment of June 21.* The amendment of June 30, 1919, to section 112 of the Road and Bridge act, providing that the amount of taxes to pay bonds for road purposes shall not exceed sixty-six and two-thirds cents on each $100, is inconsistent with and repeals the amendment of June 21 to the same section, which provided that the sum should not exceed one dollar for each $100.

3. SAME—*power of highway commissioner to impose tax must be strictly construed.* The power of the commissioner of highways to impose a tax is limited and must be strictly construed, and the provisions of the statute with reference to the same are designed for the protection of the tax-payer and are mandatory.

4. SAME—*special tax for hard roads must be certified by highway commissioner and not by town clerk.* The provision of sec-

tion 110 of the Road and Bridge act that where there has been an election in favor of a special tax for hard roads it shall be the duty of the commissioner of highways to levy an annual tax "and certify the same to the county clerk" is mandatory, and a certifica-tion by the town clerk furnishes no legal authority to the county clerk to extend the tax.

5. STATUTES—*the later of two inconsistent acts must prevail.* Two acts that are passed at the same session of the legislature are not to be construed as inconsistent if it is possible to construe them otherwise, but where it is impossible to give effect to both acts the later in point of time will prevail.

APPEAL from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding.

GEORGE B. WHITE, for appellant.

R. R. FOWLER, State's Attorney, and JOHN M. REID, (D. L. DUTY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Application was made in the county court of Williamson county by the county collector of said county for judgment of sale of certain land of appellant in said county for failure to pay certain taxes for the year 1919. Objections were filed to the entry of such judgment, and on a hearing these objections were overruled and judgment entered against the property. This appeal was then taken.

It is first urged by appellant that the trial court erred in overruling the objection as to $25.06 of the road and bridge tax levied in Creal Springs township, for the reason that the rate determined for 1919 by the highway commissioner was sixty-one cents on each $100 valuation of taxable property, and that rate was the limit for which such tax could be extended by the county clerk. The highway commissioner determined that $4000 was the amount of taxes necessary to be levied against the taxable property of said township and so certified to the county clerk. The record tends to show that the county clerk, on ascertaining

that the rate of sixty-one cents would not bring $4000, raised the rate from sixty-one cents on the $100 to sixty-four cents, and extended the sixty-four cent rate on the taxable property for the road and bridge taxes in said township. Section 56 of the Road and Bridge law was amended in 1919 by raising the amount of the taxes that might be levied for roads and bridges under certain conditions from sixty-one cents on each $100 valuation, as the law theretofore stood, to sixty-six cents on each $100. In construing the law as it stood before this amendment this court said that where the commissioner had fixed the rate of taxation and also certified the amount to be raised by taxation, even though the county board had approved that amount, the clerk had no right to extend the taxes at a rate higher than that fixed by the highway commissioner; that it was proper for the clerk, under the statute, to fix a rate required to raise the amount certified, but that the taxes were illegal to the extent that the rate fixed by the clerk in order to raise the amount certified exceeded the rate fixed by the highway commissioner; that the commissioner had no right or power to ask for the raising of a sum exceeding the amount indicated by the rate fixed by himself. *People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 271 Ill. 487, and cases cited.

Counsel for appellee insist that the amendment passed in 1919 raising the amount of the rate that can be levied from sixty-one cents to sixty-six cents on the $100 valuation justified the raising of this rate from sixty-one cents to sixty-four cents by the clerk. That amendment in no way affected the reasoning of the court in the case just cited. The commissioner had no right or power to ask for the raising of a sum by taxation exceeding the amount indicated by the rate fixed by the commissioner himself. The county clerk, under the authority just cited, could not arbitrarily raise the rate fixed by the commissioner, and appellant's objection on this point should have been sustained.

Appellant also objected to the levy of certain hard road taxes in the township of Blairsville. In 1915 said township issued $60,000 of hard road bonds payable in series of $12,000 each, with five per cent interest, the last series being payable in July, 1920; also in the year 1919 said township issued $40,000 additional hard road bonds bearing five per cent interest, divided into ten series of $4000 each, the first series of which bonds became payable June 1, 1920. The county clerk extended a rate of sixty-six cents on each $100 valuation for the year 1919 for the purpose of paying the last series of bonds of the 1915 issue; together with interest. He also extended an additional rate of thirty-four cents on each $100 valuation for the year 1919 for the purpose of paying the first series of the bond issue of 1919. It is argued by counsel for appellant that such additional thirty-four cents on each $100 for the payment of the first series of the 1919 bonds was in excess of the limit provided by statute for said taxes and is therefore void, while counsel for appellee contend that the statute justified the levying of this thirty-four cents.

Section 112 of the Road and Bridge act, as amended in 1917, provided that the tax rate for such bonds as herein referred to, to be levied in any given year, should not exceed in amount one dollar for each $100 of taxable property. One of these amendments is found in the Laws of 1919, on pages 873, 874 and 875, which made the same provision as to the rate that could be levied,—that is, a sum not to exceed one dollar for each $100 of taxable property. Another amendment to said section 112 by the legislature is found on page 848 of the Laws of 1919, which provided that the amount of taxes to be levied on taxable property should not exceed sixty-six and two-thirds cents on each $100. The first amendment mentioned above was approved June 21, 1919, and the last mentioned amendment was approved June 30, 1919, and the question to be here decided is which one of these two amendments controls. Two acts

that are passed at the same session of the legislature are not to be construed as inconsistent if it is possible to construe them otherwise, but where it is impossible to give effect to both acts the latest in point of time will prevail. (*Huston* v. *Newgass,* 228 Ill. 575; *People* v. *Wabash Railroad Co.* 276 id. 92; see, also, *Lambert* v. *Board of Trustees,* 35 Ann. Cas. (Ky.) 180, and authorities cited in note.) The amendment approved June 21, 1919, was passed as an emergency act, but there was nothing to indicate that the other amendment, approved June 30, was passed as an emergency, but the act approved June 30 being passed later than the other, must be held, under the authorities just cited, as the two acts are absolutely inconsistent and cannot both be in force, to have been intended to repeal the former act and must prevail over the amendment approved June 21. This being the case, the rate to be levied on the assessed valuation of $100 could not exceed for these road and bridge bonds sixty-six and two-thirds cents on each $100 of the taxable property. The excess of the taxes above that amount was void, and therefore appellant's objection to the excess over and above sixty-six and two-thirds cents on the $100 valuation for the taxes for these road and bridge bonds should have been sustained.

Counsel for appellant further objects to the hard road taxes attempted to be raised by a levy of sixty-seven cents on each $100 valuation in Blairsville township, claimed to have been authorized by a special election held in said township on April 1, 1919, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads. It appears to be conceded that this special election was held. Section 110 of the Road and Bridge law provides: "If a majority of all the ballots cast at said election on said proposition shall be in favor of said special tax, then it shall be the duty of the commissioner of highways of the township or road district to levy an annual tax in accordance with said vote and certify the same to the county clerk." (Hurd's

Stat. 1917, p. 2553.)   The certificate as to this election, and the special tax levied thereunder for hard roads, were not made by the highway commissioner but by the town clerk, and the county clerk extended the tax on the certificate of the town clerk.   There was no other evidence before the county clerk upon which said tax was extended. Counsel for appellant insists that such certificate would not justify any valid special tax for hard roads under this vote, while counsel for appellee insist that it was the duty of the town clerk to certify to the county clerk the levy of this special hard road tax.   Neither counsel cites any authority on this question except the statute which is above quoted, and which states specifically that the commissioner of highways should certify this tax to the county clerk.   This is the construction put upon a similar provision of the statute in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 265 Ill. 634.   (See to the same effect, *Shaver* v. *Town of Elkhorn Grove,* 275 Ill. 141.)   This court has held that the power of the commissioner of highways to impose a tax is limited and must be strictly construed, and that the provisions of the statute with reference to the same are designed for the protection of the tax-payer and are mandatory, and a disregard of them will render the taxes illegal.   (*Chicago and Eastern Illinois Railroad Co.* v. *People,* 200 Ill. 237.) The plain reading of this statute requires the tax to be certified to the county clerk by the highway commissioner and not by the town clerk, and under the authorities just cited we are of the opinion that this provision is mandatory and that the certification by the town clerk furnishes no legal authority to the county clerk for extending the tax.   The county court should have sustained the objection as to this special hard road tax.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*