THE PEOPLE *ex rel.* Guy Hicks, County Collector, Appellee, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed October 28, 1926—Rehearing denied Dec. 14, 1926.*

1. TAXES—*constitutional provision for tax to pay bonded indebtedness is self-executing.* The provision of section 9 of article 12 of the constitution for the collection of a direct annual tax sufficient to pay the bonded indebtedness of a county, city, school district or other municipal corporation is self-executing and imposes on such municipality a duty, enforcible by *mandamus,* to levy the necessary tax, which duty continues while the debt exists, without regard to any statutory direction or requirement.

2. SAME—*tax to pay bonded indebtedness of school district need not be included in the tax levy certificate for educational purposes.* The tax to pay the bonded indebtedness of a high school district may be extended by the county clerk on the authority of a certified copy of a resolution of the board of education of the district providing for the issuing of the bonds in accordance with the vote at an election and providing for a direct annual tax sufficient to discharge the principal and interest in accordance with the constitutional provision, and the levy for the payment of such bonded indebtedness need not be included in the regular tax levy certificate for educational purposes.

APPEAL from the County Court of Edgar county; the Hon. PAUL B. LAUHER, Judge, presiding.

C. E. POPE, H. F. DRIEMEYER, and HARVEY GROSS, for appellant.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The collector of Edgar county applied to the county court for judgment and order of sale of lands returned delinquent for non-payment of taxes for the year 1924. The New York, Chicago and St. Louis Railroad Company filed objections to a portion of the tax levied by the Brocton Community High School District No. 159, in that county. On a hearing the objections were overruled, judgment was rendered, and this appeal by the railroad company followed.

The board of education of the high school district, at a meeting held on February 23, 1924, upon an aye and nay vote entered of record, unanimously adopted a resolution by which the board, after reciting that an election had been called, upon the requisite notice, to vote on the proposition to erect a building and to borrow $65,000 for that purpose upon the credit of the district by the issuance of its bonds, (*a*) found and declared that the proposition had been carried by a majority of all the votes cast at the election; (*b*) directed the issuance of the bonds as authorized, namely, sixty-five in number, each for $1000, all dated December 1, 1923, $3000 maturing on June 1 of each of the years 1927 to 1931, inclusive, $4000 on June 1 of each of the years 1932 to 1936, inclusive, and $5000 on June 1 of each of the years 1937 to 1942, inclusive, and all bearing interest at five and one-half per cent per annum, payable semi-annually; (*c*) prescribed the forms of the bonds and the interest coupons; (*d*) levied upon all the taxable property of the district a direct annual tax sufficient to discharge the interest and principal and fixed the sum to be raised for each of the years 1924 to 1941, inclusive; and (*e*) instructed the secretary of the board to file with the county

clerk a certified copy of the resolution, and directed the county clerk, in each of the years for which the tax was levied, to compute the rate necessary to raise the sum required for the year and to levy and assess that rate upon the taxable property of the district. In compliance with the resolution a certified copy was filed in the county clerk's office on February 25, 1924. Subsequently, on July 14, 1924, the board of education certified that $9000 was required to be levied as a special tax for educational purposes for the current year. The certificate was signed by the president and secretary of the board and was transmitted to the township treasurer, who on July 29, 1924, made return of the certificate to the county clerk.

It was stipulated upon the trial that the assessed valuation of all the taxable property in the high school district for the year 1924, as equalized, was $1,310,935; that the assessed valuation of appellant's property in the district for the same year was $122,626; that the rate at which the high school tax had been extended by the county clerk was $1.24 on each $100 of assessed valuation; that sixty-nine cents on each $100 of such valuation would have been sufficient to produce $9000 levied by the board of education for the year 1924, exclusive of the sum required for its bonded indebtedness; that the authority by which the county clerk extended the high school tax for the year 1924 at a rate in excess of sixty-nine cents on each $100 of assessed valuation was the certified copy of the resolution filed in his office on February 25, 1924, and that the county clerk had no authority for the extension of any high school tax in the district for the year 1924 except the certificate of levy made on July 14, 1924, and the certified copy of the resolution filed in his office on February 25, 1924, if the latter to any extent constituted authority for the extension of a tax.

Appellant contends that in a high school district the law contemplates but one tax levy certificate in each year; that

provision for the payment of the bonded indebtedness of the district must be included in the certificate; that the certified copy of the resolution was not in the form prescribed by statute and was filed without any statutory authority therefor; that the tax levy certificate, signed by the president and secretary of the board of education, constituted the county clerk's sole authority for the extension of the high school tax, and that in consequence the tax in excess of sixty-nine cents on each $100 of assessed valuation is void. No brief and argument have been filed in behalf of the appellee.

Section 91 of an act entitled "An act to establish and maintain a system of free schools," (Smith's Stat. 1923, p. 1898,) provides that the board of education of a high school district shall in all respects have the powers and discharge the duties of boards of education elected under the general School law in common school districts having a population of one thousand or more and not exceeding one hundred thousand inhabitants. Section 189 of the same act (Smith's Stat. 1923, p. 1921,) authorizes such a board of education to levy a tax annually upon all the taxable property of the district, not to exceed, with certain exceptions not here applicable, two per cent for educational purposes and three-quarters of one per cent for building purposes and the purchase of school grounds, upon the valuation ascertained by the last assessment for State and county taxes. Section 190 makes it the duty of the board of education of each district to ascertain as nearly as practicable, annually, the sums of money which must be raised by special tax for educational and building purposes for the ensuing year; requires such sums to be certified and returned to the township treasurer on or before the first Tuesday in August, annually; prescribes the form of the certificate, which must be signed by the president and secretary, and requires the township treasurer to return the certificate to the county clerk on or before the second Monday of August. Section 205 (Smith's Stat. 1923, p. 1923,) enjoins upon the

county clerk, when making out the tax books for the collector, to compute the tax so as to realize the amount of money shown by the tax levy certificate, and provides that the rate shall be uniform and shall not exceed that required by the amount certified.

The tax levy certificate did not include any sum of money to be levied in the year 1924 on account of the district's bonded indebtedness. After that indebtedness had been authorized by a majority of the votes cast at an election held for that purpose, the board of education by its resolution issued the district's bonds, and at the same time levied a direct annual tax, during the required period, to provide for their payment. A certified copy of that resolution, specifying the sum to be raised in each year, was filed with the county clerk prior to the filing of the tax levy certificate. Section 12 of article 9 of the constitution provides that "any county, city, school district, or other municipal corporation incurring any indebtedness, * * * shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." This provision is a part of the fundamental law of the State, and every debt incurred by a municipal corporation under the authority of law carries with it the constitutional obligation of the municipality to levy and collect the tax required for its payment. (*East St. Louis* v. *Amy,* 120 U. S. 600.) The provision is self-executing, no supplemental legislation is necessary to make it effective, and it controls any statutory direction or requirement. (*People* v. *Scott,* 300 Ill. 290; *People* v. *Sandberg Co.* 282 id. 245; *People* v. *Day,* 277 id. 543; *City of East St. Louis* v. *People,* 124 id. 655.) The constitutional requirement for the collection of a direct annual tax sufficient to pay the interest on the debt as it falls due and to discharge the principal within twenty years imposes a duty

323–32

to levy the necessary tax which continues while the debt exists, and that duty is enforcible by *mandamus. People* v. *Scott, supra; People* v. *Day, supra.*

The bonds issued by the high school district bear date December 1, 1923. While no portion of the principal will become payable prior to June 1, 1927, it was necessary in the year 1924 to levy a tax sufficient to raise the sum required to reimburse the general school fund for the semi-annual interest payments advanced out of that fund in the year 1924 and to pay the installments of interest due in the year 1925. That part of the levy for the year 1924 made pursuant to the certified copy of the resolution was in accordance with the requirements of section 12 of article 9 of the constitution, and it was the duty of the county clerk to extend the high school tax upon the certified copy of the resolution as well as on the tax levy certificate. *People* v. *Wabash Railway Co.* 281 Ill. 382.

The judgment of the county court is affirmed.

*Judgment affirmed.*