(No. 32159.—

THE PEOPLE *ex rel.* John B. Brenza, County Collector, Appellee, *vs.* PHILIP D. ANDERSON *et al.,* Appellants.

*Opinion filed January 24, 1952.*

ADELBERT BROWN, of Chicago, for appellants.

JOHN S. BOYLE, State's Attorney, of Chicago, (GORDON B. NASH, and EDWARD E. PLUSDRAK, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a direct appeal from a judgment of the county court of Cook County. Jurisdiction of this court is invoked on the grounds that public revenue is involved. Objections concerning more than 2000 parcels of real estate were filed

to the county collector's application for judgment for sale of real estate for delinquent 1947 taxes, and for judgment fixing the correct amount of any taxes paid under protest. The cause was heard on its merits and a judgment was entered sustaining objections to certain 1947 taxes of six major taxing bodies of the city of Chicago and overruling objections to the levy for Cook County's bond and interest fund. The objectors appeal from that part of the judgment overruling their objections, while the county collector has filed a cross appeal to review that part of the judgment which sustained objections to taxes of the six taxing bodies.

The cross appeal of the county collector is based solely on the ground that the county court erred in entering judgment in favor of the objectors because there was no evidence that they had paid under protest at least seventy-five per cent of the taxes to which objections were made, as required by statute. We will consider this assignment of error first, since, if it be well taken, it might not be necessary to dispose of the other errors assigned.

An examination of pertinent sections of the Revenue Act relating to procedural requirements, where application is made for judgment for sale of real estate for delinquent taxes, must precede any determination of the question presented. Section 232 of the act provides that the county collector shall transcribe into a record prepared for that purpose, and known as the tax judgment, sale, redemption, and forfeiture record, the list of delinquent lands and lots and of lands and lots upon which taxes have been paid under protest, which shall be made out in numerical order, and contain all the information necessary to be recorded, at least five days before the day on which application for judgment is made. Among the things required to be set forth in the record is the name of the owner, if known; a proper description of the real estate; the year or years for which the taxes are due, or for which they have been paid under protest; the amount of taxes paid under pro-

test; the valuation on which the tax is extended; and the costs and total amount of charges against such real estate. (Ill. Rev. Stat. 1949, chap. 120, par. 713.) By section 225 of the act it is provided that at any time after the first day of September next after all such delinquent taxes on real estate shall become due, or next after any taxes are paid under protest in any year, the collector shall give notice, by newspaper publication, of the intended application for judgment for sale of such delinquent real estate, and for judgment fixing the correct amount of any tax paid under protest. (Ill. Rev. Stat. 1949, chap. 120, par. 706.) The record of delinquent property required by section 232 of the act serves as a declaration or complaint in the proceedings to obtain judgment for delinquent taxes, while the published notice serves as process. (*People ex rel. Anderson,* v. *Chicago and Eastern Illinois Railway Co.* 386 Ill. 239.) This delinquent list and the statutory supplemental certificate and collector's affidavit constitute the evidence to be presented to the court on application for judgment in order to make out a *prima facie* case. The list constitutes the source of the power of the court to enter judgment. Without it there is no showing that the taxes were delinquent, the amount of such delinquency, or the amount of tax paid under protest, and no statement of ownership and description of the real estate assessed. The delinquent list required by the statute is indispensable in all cases unless there is, in the record, a stipulation that a *prima facie* showing has been made, or is expressly waived. (*People ex rel. County Collector* v. *Kribs,* 381 Ill. 417.) In the instant case a stipulation was entered into, by which it was specifically agreed that the collector had duly made out a *prima facie* case. The effect of the stipulation was to admit that the collector had proved the pertinent matters set out in the delinquent list for the year 1947. Among the matters thus proved were the list of lands and lots upon which taxes had been paid under protest, the name of the

owner, the amount of taxes paid under protest, a description of the real estate, the valuation on which the tax was extended, and the total amount of charges against the real estate. In the absence of objection, or defense interposed, the court could, on the showing made, enter judgment for the unpaid balance of any tax which had been paid under protest.

Objections, however, were filed to the application for judgment for sale of delinquent real estate and for judgment fixing the correct amount of taxes paid under protest. Section 194 of the act provides that if any person shall desire to object to all or any part of a real-estate tax for any year, pursuant to the provisions of section 235 of the act, for any reason other than that the real estate is not subject to taxation, such person shall first pay at least 75 per cent of the tax. Payment of the tax is required to be accompanied by a prescribed form of writing in duplicate, showing the payment under protest. One copy of the written protest form is signed by the collector and returned to the taxpayer. Unless a person paying real-estate taxes under protest shall appear in the next application for judgment and order of sale and object to the taxes in relation to which the protest had been made, the protest is deemed to have been waived, and judgment and order of sale may be entered for any unpaid balance of such taxes. (Ill. Rev. Stat. 1949, chap. 120, par. 675.) The manner by which a person, who has made payment of real-estate taxes under protest, may appear and object to the taxes in relation to which the protest was made is prescribed by section 235 of the act. This section provides that the court shall examine the delinquent list, and if a defense to the entry of judgment be offered in writing specifying the cause of objection, the court shall hear and determine the matter in a summary manner, without pleadings, and enter judgment according to the right of the matter. A proviso to this section prohibits the offering of a defense to the application

for judgment unless the written objections be accompanied by an official or duplicate tax collector's receipt showing that at least 75 per cent of all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of the act. It is the statutory duty of the tax collector to furnish such duplicate tax receipt without charge. (Ill. Rev. Stat. 1949, chap. 120, par. 716.) These two sections must be considered together. Section 194 specifies the conditions under which a taxpayer is allowed to file objections to taxes, and obtain a refund, if successful. Section 235 provides for the procedure to be followed in objecting to and trying the merits of the tax objections, which procedure is to be informal and without technical pleading; but it contains the proviso that no one can defend against the payment of taxes unless he has complied with section 194 and shows that he has complied with it by attaching the required tax collector's receipt to his objections. (*People ex rel. Anderson* v. *Chicago & Eastern Illinois Railroad Co.* 399 Ill. 520.) This proviso is sufficiently complied with as to payment under protest having been made, pursuant to the provisions of section 194, by attaching to the objections a copy of the collector's receipt showing such payment under protest. *People ex rel. Voorhees* v. *Chicago, Burlington & Quincy Railroad Co.* 386 Ill. 200.

It is the collector's contention in this case that the record fails to disclose that the objectors have complied with these two sections of the act. The record shows, however, that the parties stipulated, with the approval of the court, that the collector was unable to furnish duplicate 1947 tax receipts without cost, as required by section 235 of the Revenue Act, and that, therefore, no objection would be raised because of failure to attach such receipts to the written objections. The effect of this stipulation was to make it unnecessary for the objectors to fulfill the requirements of the act that their written tax objections be accom-

panied by a duplicate tax collector's receipt showing that at least 75 per cent of all taxes to which objection was made had been paid under protest pursuant to the provisions of section 194 of the act. Under the stipulation the objectors were permitted to offer defenses to the application for judgment without first showing compliance with section 194 of the act by attaching the requisite papers to their written objections. Ordinarily, under this state of the record, the only remaining duty of the court would be to examine the delinquent list, as required by section 235, and to hear and determine the specific defenses presented by the written objections, in a summary manner, and pronounce judgment as the right of the case might be. From the delinquent list the court could determine the amount of any tax paid under protest and enter judgment for a refund of any such tax, or for the amount of the unpaid balance of any tax paid under protest, as the right of the case might be found by the court. Neither the delinquent list which constituted the basis for the judgment of the county court, nor the duplicate tax collector's receipt upon which is predicated objectors' right to defend against the application for judgment, are shown in the abstract of the record. The formal presentation of each of these indispensable steps in the proceedings for judgment was waived by stipulation of the parties, with the approval of the court. The effect of the stipulation, in each instance, was to admit that the respective instruments, if produced, would show full compliance with the applicable sections of the Revenue Act. The judgment ordered entered by the county court contained recitals that the collector had made out a *prima facie* case, and that prior to the filing of the objections the objectors had paid under protest the 1947 general taxes. In the case of *People ex rel. Voorhees* v. *Chicago, Burlington & Quincy Railroad Co.* 386 Ill. 200, we held that in the absence of a complete record we must indulge every reasonable presumption in favor of the court's findings, and

concluded from the recitals contained in the judgment order that the protests were filed in accordance with the statute. We conclude, from the record in the case now before us, that the county court had power, under the provisions of the statute, to entertain the application of the collector for judgment fixing the correct amount of taxes paid under protest; to hear and determine the specific defenses of the objectors; and to enter a proper judgment after an informal hearing on the merits of the case.

Appellants objected to the 1947 taxes levied for the bond and interest fund of Cook County on the ground that the appropriation ordinance passed by the county commissioners unreasonably debased $4,172,684.16 in net current taxes receivable at the end of the fiscal year 1946 to an estimated $721,357.42 for the purpose of the 1947 bond and interest fund tax levy, without particularizing such estimate as required by section 61.7 of the statute relating to counties. (Ill. Rev. Stat. 1949, chap. 34, par. 64.7.) An alternate objection was that the appropriation ordinance contained a deferred tax levy credit of $1,995,925, which did not represent a current liability for which a tax levy was authorized. Each of these objections was overruled by the judgment of the county court.

The county commissioners of Cook County passed a tax levy ordinance on March 12, 1947, which included levies for principal and interest in connection with bonds issued in prior years for the purpose of funding the debt of Cook County. Each of the bond issues referred to in the 1947 tax levy ordinance was based on an appropriate ordinance, the validity of which has not been attacked in this proceeding. The total amount of taxes extended under these prior bond ordinances was $2,762,905. On March 5, 1948, the county commissioners of Cook County, pursuant to the provisions of the respective bond ordinances, passed a resolution abating the 1947 bond and interest tax levy to the extent of $33,867.50. After the 1947 tax levy had

been passed, additional debt funding bond ordinances were passed upon which taxes were extended in the total sum of $2,082,825.50. No question has been raised concerning taxes levied for these new bond issues. This raised the total required 1947 bond and interest tax levy to $4,811,890. To this amount the county clerk added loss and cost items totaling $534,654.44, producing a total bond and interest tax extension of $5,346,544. The tax levy passed by the board of county commissioners of Cook County and extended by the county clerk is based solely and entirely upon the provisions of the respective ordinances passed to authorize the issuance of the respective bonds funding the debt of Cook County as permitted by law.

Section 12 of article IX of our State constitution provides that any county incurring any indebtedness as therein provided shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same. This provision has been held to be a part of the fundamental law of the State, and every debt incurred by a municipal corporation under the authority of law carries with it the constitutional obligation of the municipality to levy and collect the tax required for its payment. The constitutional provision is self-executing, no special or supplemental legislation is necessary to make it effective, and it controls any statutory direction or requirement. (*People ex rel. Hicks* v. *New York, Chicago and St. Louis Railroad Co.* 323 Ill. 493.) No statute can override the positive mandate of this provision of the constitution making it the duty of a municipal corporation to provide for the payment of its bonded indebtedness and interest as the same fall due. (*People ex rel. Gill* v. *110 South Dearborn Street Corp.* 363 Ill. 286.) In applying this rule we have held that where a municipality has complied with the constitutional provision,

it might levy and collect a tax although such tax was not included in the annual appropriation bill required by the statute, and that there was no necessity to include the amount of the bonded indebtedness each year in the annual appropriation or tax levy ordinance. *People ex rel. Kiggins v. Wabash Railway Co.* 281 Ill. 382.

The objection that the 1947 tax levy for the county bond and interest fund is invalid because the county commissioners did not, in the annual appropriation ordinance, sufficiently particularize the estimated debasement of taxes receivable for prior years is not well taken. Section 61.7 of the statute relating to counties (Ill. Rev. Stat. 1949, chap. 34, par. 64.7,) provides that the board of commissioners shall adopt an annual appropriation bill appropriating such sums of money as may be necessary to defray all necessary expenses of Cook County. The appropriation bill is required to set forth estimates, by classes, of all current assets and liabilities of each fund of the county, and the amounts of assets available for appropriation each year, either for expenditures or charges to be made or incurred or for liabilities unpaid at the beginning of the fiscal year. It is also provided that estimates for taxes to be received from the levies of prior years shall be net, after deducting amounts estimated to be sufficient to cover the loss and cost of collecting such taxes and also the amounts of such taxes for the nonpayment of which real estate has been or shall be forfeited to the State, and abatements in the amount of such taxes extended or to be extended upon the collector's books. It is appellants' contention that the 1947 appropriation ordinance, in so far as it related to the 1947 bond and interest fund, did not comply with these statutory requirements. Section 25.05 of the act (Ill. Rev. Stat. 1949, chap. 34, par. 25.05,) authorizes counties to levy taxes for county purposes, with certain limitations, subject to the proviso that, in counties having 500,000 or more inhabitants, taxes levied for any year, for any pur-

pose or purposes, except amounts levied for the payment of bonded indebtedness or interest thereon, shall be subject to the further limitation that they shall not exceed the estimated amount of taxes to be levied for such year, as determined in accordance with section 61.7 of this act and set forth in the annual appropriation bill of such counties. This section specifically excepts taxes levied for the payment of bonded indebtedness or interest thereon from the requirements of section 61.7 of the act. By this section the legislature clearly recognized the principle that the provisions of section 12 of article IX of the constitution are self-executing; that no supplemental legislation is necessary to make it effective or give it direction; and that the constitutional obligation of a county to provide for the payment of its bonded indebtedness and interest as the same fall due cannot be abrogated by legislative enactment. It was not necessary for the validity of the tax for the bonded indebtedness of the county that it be included in the annual appropriation bill. (*People ex rel. Kiggins* v. *Wabash Railway Co.* 281 Ill. 382.) Taxes are presumed to be just, and the burden rests upon the objector to sustain his objection to a particular tax. The county clerk, in extending the tax for principal and interest for the bonded indebtedness, is limited in obtaining his information to an examination of the tax levy ordinance and bond ordinances certified and filed in his office. (*People ex rel. Nash* v. *Westminster Building Corp.* 361 Ill. 153.) The total amount of 1947 taxes authorized in the bond ordinances for principal and interest on the six bond issues in question was $6,107,831. The total amount of taxes required by the 1947 tax levy was $2,729,037.50, which was the amount of taxes extended by the county clerk for the principal and interest requirements of the bonded indebtedness of the county. Appellants have not questioned the sufficiency of the respective bond ordinances and we have concluded against their contention that the tax levies for

principal and interest on bonded indebtedness of the county must be based on estimated amounts as required by section 61.7 of the act relating to counties, and shown in the annual appropriation bill.

For the reasons stated, the judgment of the county court of Cook County is affirmed.

*Judgment affirmed.*