(No. 11785.—Judgment affirmed.)

THE PEOPLE *ex rel.* Henry G. Hawkinson, County Collector, Appellee, *vs.* GEORGE S. MATHEWS, Appellant.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

TAXES—*the curative act of 1917 validated high school tax previously levied.* The curative act of 1917 validated the organization of high school districts coming within its terms, and had the effect of validating every act of the boards of education in such districts which they are empowered to perform under the general School law, including the levy of a tax before the act was passed.

DUNN, CARTWRIGHT and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Knox county; the Hon. R. C. RICE, Judge, presiding.

FLETCHER CARNEY, JAMES W. CARNEY, and SIG. B. NELSON, for appellant.

A. J. BOUTELLE, State's Attorney, (ROY M. MARSH, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county collector of Knox county applied to the county court for judgment and order of sale against the property of George S. Mathews for delinquent taxes levied

by Township High School District No. 121, which was organized in 1916 under the Township High School act of June 5, 1911. The objection made to the tax was, that the act under which the pretended organization was had was unconstitutional and the tax levied was therefore void. Pending the hearing in the county court, and before judgment was entered, the curative act of June 14, 1917, was passed and became effective. Being of the opinion that this act validated the organization of the district and the tax it had levied, the county court overruled the objection and entered judgment. From that judgment this appeal has been perfected.

The two principal questions urged, and the ones which are decisive of the case, are, that the curative act of June 14, 1917, is unconstitutional, and that a void tax cannot be validated by legislative act. We have heretofore considered the question of the constitutionality of the curative act of June 14, 1917, and have held the act to be valid. *People* v. *Madison,* 280 Ill. 96; *People* v. *Dix,* id. 158; *People* v. *Howell,* id. 477; *People* v. *Fifer,* id. 506; *People* v. *Stitt,* id. 553.

By the act of June 14, 1917, it was provided that in all cases where a majority of the inhabitants of any contiguous and compact territory voted, at any election called for that purpose, in favor of organizing such territory into a high school district, and when, at a subsequent election similarly called and held, a board of education has been chosen for such district, each such election is made legal and valid and such territory is declared legally and validly organized and established as a high school district and a valid and existing school district and body politic and corporate of the State for the purpose of establishing and maintaining a high school. The board of education levied the tax in question prior to the passage of the curative act. That act validated the organization of the district, and the tax in question was thereby necessarily validated. The act specif-

ically provides further that all acts and proceedings there-tofore done, had or performed by each such district, and the persons from time to time elected and acting as the board of education thereof, such as are authorized to be done, had or performed by school districts or boards of education thereof by the general school laws of this State, are declared to be legal and valid in all respects. As held in the cases above cited, the General Assembly had the power to validate such high school districts. The act validating the district also had the effect of validating every act of the board of education which, under the general school laws, boards of education are empowered to do and perform.

In support of the contention that this tax is void and cannot be validated by legislative act, appellant relies upon *Marsh* v. *Chesnut,* 14 Ill. 223, *Billings* v. *Detten,* 15 id. 218, *Conway* v. *Cable,* 37 id. 82, and *Marshall* v. *Silliman,* 61 id. 218. In the last mentioned case we held that the General Assembly could not validate the subscription of a town to the capital stock of a railroad corporation where the subscription had not been authorized by a vote of the people of the town at an election held in accordance with a statute requiring the submission of the question of mak-ing such subscription to a vote of the people of the town, because the act of the General Assembly attempting to val-idate the subscription would have the effect of creating a debt against the town, in violation of the constitution of 1848. In the other cases we held that a void tax cannot be validated after the proceedings for the assessment and collection of the tax have been concluded by a judgment and sale of the property. In this case the curative act was passed and became effective before judgment was entered, and it did not have the effect of creating a debt against any municipal corporation. The act, therefore, applied and determined the judgment to be entered.

The point is made that it appears from the record of the board of education that the board met and organized

before the time of the election of its members. This is un-doubtedly a clerical error, as counsel for appellee contend, but in any event the board acted as thus organized after the members were elected, and appellant cannot urge this ground against the legality of the organization in this pro-ceeding.

The judgment of the county court is affirmed.

*Judgment affirmed.*

DUNN, CARTWRIGHT and DUNCAN, JJ., dissenting:

Sections 9 and 10 of article 9 of the constitution pro-vide that the General Assembly may vest the corporate au-thorities of cities, towns and villages with power to make local improvements by special assessments or by special tax-ation of contiguous property, or otherwise, and that for all other corporate purposes all municipal corporations may be vested with authority to assess and collect taxes, and that the General Assembly shall not impose taxes upon munici-pal corporations, or the inhabitants or property thereof, for corporate purposes. These sections prohibit the General As-sembly from imposing taxes on the people of any district or granting power to do so to any other than corporate au-thorities of the district to be taxed, and the corporate au-thorities intended are such municipal officers as have been elected directly by the people of the district or appointed in some mode to which the people of the district have given their consent. (*Updike* v. *Wright,* 81 Ill. 49; *Cornell* v. *People,* 107 id. 372; *Wetherell* v. *Devine,* 116 id. 631; *Herschbach* v. *Kaskaskia Island Sanitary District,* 265 id. 388.) Since the act of 1911 was unconstitutional, the at-tempt to organize Township High School District No. 121 was ineffectual and did not establish a high school district. Since there was no incorporation there could be no corpo-rate authorities. The supposed board of education in levy-ing taxes was acting without authority of law, and the tax which it purported to levy was void and imposed no liabil-

ity on the people of the district. Such supposed board of education having no power to levy a tax, the legislature was without power, under the constitution, to pass a law rendering the void proceeding by which it attempted to do so, valid. The power of the legislature to validate by a curative law any proceedings which it might have authorized in advance is limited to cases of the irregular exercise of power. It cannot cure the want of authority to act at all or confirm what it could not originally have authorized. (*People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94.) Since the supposed board of education was not the corporate authority of a high school district it had no power to levy a tax, and the legislature had no power to validate its void attempt to do so. Section 1 of the act of 1917 provides that "the board of education acting for each such district is hereby declared to be the duly constituted corporate authority thereof," and it is by this legislative declaration, only, and not by an election by the people of the district, or in any other mode to which they have given their consent, that such corporate authorities have been appointed.

The situation here is not different from that in the case of *Marshall* v. *Silliman,* 61 Ill. 218. There an election to vote upon the question of subscribing for $15,000 of stock in a railroad company and issuing bonds to pay for it was held in a township without authority of law. It was held that this was an utterly void proceeding. After the election the legislature passed an act which purported to legalize and confirm the election and declared it to be binding upon the township. The court said that this law, if valid, had the effect of creating a debt of $15,000 against the township, and that the subscription to the bonds, if binding, became so for the first time at the passage of the law and was so solely by force of the law. It was stated that the real question did not depend merely upon whether the legislature could pass a retrospective law, but upon whether it could create a debt against a town. The court said: "It cannot

be said that the town has ever consented to the creation of this debt. The so-called vote was an idle form. Persons opposed to the subscription were under no necessity or obligation to vote against it because they had a right to regard the entire proceeding as a nullity. The vote can no more be accepted as the action of the town, or as giving the consent of the town to the creation of this debt, than would a resolution adopted by the same number of persons at one of their dwellings or in a casual encounter at a street corner." Coming to the question whether the legislature could create a debt against a municipal corporation for municipal purposes, the court held that the constitution of 1870 expressly prohibits this, and that the decisions of the court substantially held that it could not be done under the constitution of 1848. After quoting the latter constitution and citing cases the court announced its conclusion that "these cases show it to be the settled doctrine of this court that under the constitution of 1848 the legislature could not compel a municipal corporation to incur a debt for merely local purposes against its own wishes, and this doctrine, as already remarked, has received the sanction of express enactment in our existing constitution. That was the effect of the curative act under consideration, and it was therefore void."

In our judgment the act of June 14, 1917, so far as it purports to legalize and validate the proceedings of the board of education whose members have not been elected by the people of the district or appointed in any manner to which they have consented, in levying taxes, is beyond the legislative power and imposes no liability upon the taxpayers of the district, and the judgment of the county court should be reversed.