(No. 12096.—Reversed and remanded.)

THE PEOPLE *ex rel.* S. D. Burton, County Collector, Appellee, *vs.* THE PITTSBURG, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed June 20, 1918.*

1. SCHOOLS—*high school curative act of 1917 does not violate constitutional provision for due process of law.* Section 2 of the high school district curative act of 1917 (Laws of 1917, p. 744,) does not violate section 2 of article 2 of the constitution, as the act itself constitutes due process of law. (*People* v. *Mathews,* 282 Ill. 85, adhered to and explained.)

2. SAME—*judgment against railroad company for school taxes should be against the right of way in the district, only.* A judgment against a railroad company for high school district taxes should be only against the right of way in the school district and within the county, and where the application for judgment describes the right of way as commencing at one boundary and extending to the opposite boundary of the county the judgment should not be against the lands as so described.

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

E. J. MILLER, (D. P. WILLIAMS, and McCULLOUGH & WIERMAN, of counsel,) for appellant.

C. R. PATTERSON, State's Attorney, (MARION WATSON, J. W. & E. C. CRAIG, J. L. McLAUGHLIN, and PAUL HEINEKE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Proceedings were taken in December, 1915, for the organization of the Arthur Township High School District No. 115 of the counties of Moultrie, Coles and Douglas under the unconstitutional Township High School act of 1911, and in July, 1916, the supposed board of education of the putative district filed with the county clerk of Moultrie county a certificate of the levy of a special tax, by vir-

tue of which the county clerk extended a tax of $235.74 against the Pittsburg, Cincinnati, Chicago and St. Louis Railroad Company. At the June term, 1917, of the county court the collector of Moultrie county applied for a judgment for this tax against the right of way of the railroad company, and the railroad company filed objections. In the meantime the State's attorney had filed a petition in the circuit court for leave to file an information in the nature of *quo warranto* against the members of the supposed board of education. The circuit court had denied leave and dismissed the petition and an appeal had been taken to the Supreme Court. During the pendency of the appeal and of the application for judgment for taxes the legislature passed the act of June 14, 1917, to legalize the organization of certain high school districts. (Laws of 1917, p. 744.) Thereupon at the October term, 1917, of the Supreme Court, the judgment of the circuit court was affirmed, and at the December term of the county court judgment was rendered against the right of way of the railroad company for the tax objected to, and the railroad company appealed.

The effect of the act of June 14, 1917, was to establish the validity of the organization of the high school district, and it was held in *People* v. *Mathews,* 282 Ill. 85, that the act also had the effect to make valid every act of the board of education of the district which boards of education were empowered to do under the general school laws.

It is insisted that section 2 of the act, which declares legal and valid in all respects "all acts and proceedings heretofore done, had or performed by each such district and the persons from time to time elected and acting as the board of education thereof, such as are authorized to be done, had or performed by school districts or boards of education thereof by the general school laws of this State," is unconstitutional, and counsel for the appellant rely somewhat upon the reasoning of the dissenting opinion in the case of

*People* v. *Mathews, supra.* The objections made to the constitutionality of the act and the provisions of the constitution supposed to be violated by it are not definitely and specifically stated in the opinion, but it is manifest that section 2 was regarded as a legitimate exercise of the legislative power, and it was held, substantially, that it was not in violation of sections 9 and 10 of article 9 of the constitution. It is a necessary consequence of that holding that it was not in violation of section 2 of article 2 of the constitution, for if the legislature had the constitutional power to cure the defective levy by the act in question the act constituted due process of law.

It is argued that section 2 violates section 13 of article 4 of the constitution because the title of the act is not broad enough to include the provisions of section 2, and that this objection was not considered by the court in *People* v. *Mathews, supra.* In the judgment of the court these provisions were regarded as coming within the general purview of the title of the act, which is, "An act to legalize the organization of certain high school districts."

The application for judgment described the right of way of the appellant as commencing at the western boundary line of Moultrie county and extending to the eastern boundary line of the county, and the order of sale was against the lands of the appellant as described in the application. The judgment should be only against the right of way in the school district and within the county.

The judgment will be reversed and the cause remanded, with directions to the county court to render a judgment against the railroad track of the appellant in the school district and within the county.

*Reversed and remanded, with directions.*