(No. 13570.—Reversed and remanded.)

THE PEOPLE ex rel. John W. Rea, County Collector, Appellee, vs. THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed February 15, 1921.*

1. TAXES—*amount required to meet loss and cost of collection rests in discretion of officer extending the tax.* The question what is a proper rate of tax to produce the required amount is a matter which must rest largely within the discretion of the officer extending the tax, as it is not certain what the deficiencies in collection will amount to, and one objecting to such rate has the burden of proving an abuse of discretion.

2. SAME—*objector to item for loss and cost should be allowed to question clerk as to how he arrived at rate.* As the burden of proving that items for loss and cost of collection are excessive rests upon the person raising such objection, he should be allowed to question the county clerk as to how he arrived at the rate of taxation as applied to the loss and cost items.

3. SAME—*when ordinance does not change date for commencement of fiscal year.* Under section 1 of article 7 of the Cities and Villages act the only way in which a change in the date for the commencement of the fiscal year for villages can be effected is by the passage of a valid ordinance for that purpose, and the mere recital in the preamble of a levy ordinance as to when the fiscal year commenced cannot have the effect of changing the date fixed by statute.

4. SAME—*community high school district must levy tax before first Tuesday in August.* The levy of taxes for a community high school district must be made and certified by the board of education before the first Tuesday of August, as required by section 190 of the School law, notwithstanding the further provision of said section that a failure by the school board to file the certificate or of the treasurer to return it to the county clerk in the time required shall not vitiate the assessment, and notwithstanding the fact that the district was not organized until after that date. (*People v. Wabash Railway Co. ante,* p. 518, followed.)

5. SAME—*a judgment against railroad right of way should be confined to right of way in taxing district.* A judgment for taxes against the right of way of a railroad company should be confined to the right of way of the company within the boundaries of the district levying the tax.

STONE, J., dissenting.

APPEAL from the County Court of Montgomery county; the Hon. J. H. RAGSDALE, Judge, presiding.

D. R. KINDER, (N. S. BROWN, and L. H. STRASSER, of counsel,) for appellant.

J. EARL MAJOR, State's Attorney, (LANE, DRYER & BROWN, and PAUL MCWILLIAMS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The county court of Montgomery county overruled certain objections of appellant to the taxes levied against its line of railway extending through certain parts of Montgomery county. Judgment was entered for the taxes and a sale was ordered of appellant's property. To reverse that judgment this appeal has been taken.

Appellant's first objection relates to an item of $24.81 on account of the town tax of South Litchfield, and it is objected that such amount is invalid because the county clerk, in extending the taxes for town purposes, extended an excessive amount on account of loss and cost of collection. It appears from the record that the clerk extended a tax at the rate of twenty cents on the $100 valuation of the township property, which resulted in producing a tax of $2919.58; that this tax was levied to meet the appropriation for the year's expenses, amounting to $2500, and the cost of collection, $100.97, leaving a balance over these items of $318.61. Appellant on the hearing sought to show by the county clerk how he arrived at the rate of taxation, but upon objections to questions of appellant the court held that it was immaterial how the clerk arrived at the rate and it sustained the objections.

This court has frequently held that the question of what is a proper rate of tax to produce the amount required is a matter which must rest largely within the discretion of

the official extending the tax, as it is by no means certain what the deficiencies in collection will amount to. (*Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 200 Ill. 541; *People* v. *Sandberg Co.* 282 id. 245; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 id. 327.) It was held in the last named case that the burden of proving that the items for loss and cost of collection are excessive or illegal rests upon the party objecting to the tax. In *People* v. *Sandberg Co.* 277 Ill. 567, it was stated that the courts will not interfere with the exercise of business judgment on the part of public authorities except to prevent an abuse of discretion. These being the rules applicable to a hearing of this character, it becomes at once obvious that unless the county clerk could be examined as to how he arrived at the amount included for loss and cost of collection the court would be unable to determine whether or not he had abused the discretion given him. It was error to refuse to permit the county clerk to answer interrogatories as to how he arrived at the rate of taxation as applied to loss and cost of collection. For this reason there must be a rehearing regarding this item of tax of the town of South Litchfield objected to by appellant.

Another objection of appellant is to the village tax of the village of Harvel. The only question involved concerning this tax is whether or not the annual appropriation ordinance was passed during the first quarter of the fiscal year, as required by the statute. Appellant contends that the recitation in the preamble of the levy ordinance that the fiscal year commenced June 1 is sufficient proof of that fact, and that by reason of that recital the beginning of the fiscal year has been changed from the time fixed by statute, and that as the appropriation ordinance was passed May 28, 1919, the law requiring the passage of the appropriation ordinance during the first quarter of the fiscal year was not complied with. Section 1 of article 7 of the Cities and Villages act fixes the commencement of the fiscal

year for villages at the third Tuesday in April. By the same section power is given to the village board to change such date. The only way in which such change can be effected, however, is by the passage of a valid ordinance for that purpose. (*People* v. *Chicago and Alton Railroad Co.* 257 Ill. 208.) There is no evidence in the record of any ordinance passed by the village of Harvel that has to do with changing the date of the commencement of the fiscal year, and such fact cannot be said to be established by the recital in the preamble of the levy ordinance that the fiscal year commenced June 1. The county court rightly overruled the objection to this village tax.

Counsel for appellant also object to the tax against its property levied by the Litchfield Community High School District because the same was not levied prior to the first Tuesday of August, and argue that the board of education had no authority to make a levy for the year 1919 on December 9 of that year, when such levy was made. The record shows that said community high school district was organized October 23, 1919; that the board of education was elected on November 22, 1919; that the certificate for the levy of taxes was made December 9, 1919, and filed with the county clerk January 10, 1920; that the county clerk thereupon extended the taxes for such district for the year 1919. The record also shows that the certificate of levy, while not delivered to the county clerk until January 10, 1920, was delivered on December 9, 1919, to the township treasurer. The principles involved in this case on this point are identical with those passed upon in *People* v. *Wabash Railway Co.* (*ante,* p. 518.) What was said in that case fully answers the arguments made here on this question and shows that the objection to this community high school district tax should have been sustained. We do not think that the provision of section 190 of the School law providing that "a failure by the school board to file the cer-

tificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment," in any way controls the question as to the time when the tax levy must be made.

An objection was also filed and raised here by appellant that the board of education of said high school district was without power to levy a tax of $1000 for building purposes; that no bonded indebtedness existed for the district. In view of our holding that the district was not properly organized to levy the tax before the first Tuesday of August of the year in question, it must be held that this tax, for the reasons stated heretofore, was improperly levied and the objection thereto should have been sustained.

It was also objected that the court erred as to the form of the judgment entered herein. The record shows that the appellant's right of way in Montgomery county passes through other townships than that in which the village of Harvel is situated and also other townships besides South Litchfield. The judgment of the county court ordered the sale of the land and personal property of the appellant extending from the western boundary line of said county to the eastern boundary line of Harvel township. The judgment should only have been against the right of way of the appellant within the taxing district levying the tax. *People v. Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* 284 Ill. 87; *People* v. *Wabash Railway Co.* 285 id. 172.

For the errors indicated the judgment of the county court is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE STONE, dissenting.