The county court of Knox county, on application of appellant as treasurer and ex-officio collector, for judgment against appellee's property for taxes levied by the village of Wataga, sustained objections thereto and required the return of the funds deposited according to the statute.
The objection to this village tax was that at the time it was levied there was no valid appropriation ordinance in force upon which to base the tax-levy ordinance. It is conceded that if there was no valid appropriation ordinance, the levy was invalid, but appellant's position is that, as appellee did not show that there was no valid appropriation ordinance, the objection should not be sustained.
The facts, about which there is no dispute, show that the appropriation ordinance was passed by the village on August 3, 1939. The tax-levy ordinance was filed with the county collector on September 1, 1939, indicating on its face that it was adopted August 24, 1939. It is conceded that under the statute the appropriation ordinance *Page 122 
must be adopted within the first quarter of the fiscal year. Section 1 of article 7 of the Cities and Villages Act, (Ill. Rev. Stat. 1939, chap. 24, par. 100,) as it existed in 1939, was as follows: "The fiscal year of each city or village * * * shall commence at the date established by law for the annual election of municipal officers therein, or at such other times as may be fixed by ordinance." The annual election in the village of Wataga is held on the third Tuesday in April.
Appellant argues here that since the appellee did not show that the village had not, by ordinance, fixed another date for the commencement of the fiscal year, it did not meet the burden cast upon it to sustain the objection by affirmative proof. They say that said section 1 is alternative and does not fix the commencement of the fiscal year as the third Tuesday of April any more than it declares that such fiscal year shall begin at any other time fixed by village ordinance, and since there was no evidence on the subject at all, there was no evidence from which the court could properly find that the fiscal year commenced on the third Tuesday of April.
Appellant relies upon People ex rel. Gleghorn v. Chicago andAlton Railroad Co. 257 Ill. 208. In that case the objection was that no appropriation ordinance was passed within the first quarter of the fiscal year. The objector also alleged that the fiscal year commenced on July 1 but offered no evidence showing that the village had passed an ordinance fixing the commencement of its fiscal year on any date other than that fixed by statute. It was, in that case, held that the only way in which the village could change the commencement of its fiscal year from the date fixed by statute, was to pass a valid ordinance for that purpose, and as the record did not show an ordinance fixing July 1 as the commencement of the fiscal year, it could not be said that the appropriation ordinance was not legally passed. *Page 123 
Appellee cites People ex rel. Rea v. Wabash Railway Co.296 Ill. 527, where the same question arose. The objector there contended that as the preamble of the levy ordinance contained a recitation that the fiscal year commenced June 1 and the appropriation ordinance was passed May 28, the law was not complied with. It was, in that case, stated: "Section 1 of article 7 of the Cities and Villages Act fixes the commencement of the fiscal year for villages at the third Tuesday in April. By the same section power is given to the village board to change such date. The only way in which such change can be effected, however, is by the passage of a valid ordinance for that purpose." It is, in that case, pointed out that there was no evidence in the record of an ordinance passed by the village that in any way effected a change of the date of commencement of the fiscal year and a recital in the preamble of the levy ordinance that the fiscal year began June 1, was not sufficient to establish that fact.
Under the statutory provision above quoted, we are of the opinion that, in the absence of evidence on the subject of a change of the commencement of the fiscal year, there is a presumption that it commences on the third Tuesday in April, and it was not necessary that the objector show that it commenced at such time. Since this is so and the appropriation ordinance was not passed until the third day of August, it was not adopted within the first quarter of the fiscal year as required by the statute, and the levy ordinance was lacking in necessary statutory support in that regard. The court was right in sustaining the objections to this tax and its order is affirmed.
Order affirmed. *Page 124