The appellant, The Baltimore and Ohio Railroad Company, filed objections to the extension of road and bridge taxes for the town of Caseyville, in St. Clair County, for the year 1945. Its objections were overruled by the county court, and judgment entered against it, and the appeal comes directly to this court as the revenue is involved.
The case was tried upon appellee's application for a judgment for delinquent taxes, and appellant's written objections thereto. In lieu of the proceedings at the trial an agreed statement of facts was entered into by the parties, in which it is stipulated that the county treasurer and ex officio collector did duly and regularly file his application for judgment for delinquent taxes for the year 1945 in the county court, and that the People, upon such application, have made a prima facie case for judgment; that the appellant duly and regularly filed objections to said application after paying all of said taxes objected to, under protest, and that it has complied with the provisions of section 194 of the Revenue Act. Ill. Rev. Stat. 1947, chap. 120, par. 675.
The taxes for the town of Caseyville for general road and bridge purposes for the year 1945 were extended at the rate of 66 cents on the $100 valuation. Appellant *Page 318 
objected to such taxes to the extent of 33 cents on each $100 valuation, in the amount of $597.49. In other words, the appellant contends that 33 cents of the tax levied was valid, and 33 cents invalid.
On September 11, 1945, there was filed in the office of the county clerk the certificate of the commissioner of highways of said town that at a regular meeting held in the office of the town clerk on September 4, 1945, which was the first Tuesday in September, he did determine that the tax rate upon all taxable property in said town should be 33 cents on the $100, being the regular rate of 25 cents plus an excess of 8 cents added thereto by virtue of consent in writing by a majority of the town auditors; and he also certified that he had determined that the amount to be raised by taxation for the ensuing year for the proper construction, maintenance and repairs of roads and bridges was the sum of $32,900, which was itemized as required by law.
At its regular meeting, which was held September 11, 1945, the county board of supervisors of said county approved said certificate, and the rate and amount therein certified. Afterwards, on December 27, 1945, there was filed in the office of the county clerk a certificate of the town clerk of the town of Caseyville, stating that pursuant to section 56b added to the Roads and Bridges Act by "An Act to amend section 56 of, and to add Sections 56a, 56b, 56c and 56d to, `An Act to revise the law in relation to roads and bridges,' approved June 27, 1913, as amended," and approved June 29, 1945, (Laws of 1945, p. 1318,) he certified that upon the filing in his office of a petition for a special election in accordance with said act, on November 30 he had posted copies of a notice of a special election to be held on December 15, 1945, at which the question voted upon was to raise the present maximum rate of 33 cents on each $100 valuation, and that said proposition had carried by a vote of 146 to 98; that the *Page 319 
certificate of the commissioner of highways of his actions on September 4, 1945, and the certificate of the town clerk of the result of said special election, were the only authority which the county clerk had for the extension of said taxes at the rate of 66 cents on the $100. Appellant claims that the 33 cents additional authorized by said election over the regular rate extended by the county clerk was absolutely void for want of authority.
The tax for road and bridge purposes in Caseyville township was levied on the first Tuesday in September, 1945, for the full amount of 33 cents on the $100, as was then authorized by statute. At that time the amount determined to be needed for road and bridge purposes was certified to be $32,900. No rate in excess of 33 cents on the $100, and no money in excess of the amount that could be raised by this rate, could be legally levied at that time. (People ex rel. Adams v. New York, Chicago and St.Louis Railroad Co. 316 Ill. 452; People ex rel. Carr v.Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.316 Ill. 410.) However, on June 29, 1945, an act was passed by the legislature allowing an increase in the road and bridge tax up to 66 cents on the $100 in case an election was held, and carried, to increase this rate. (Laws of 1945, p. 1318.) This special election could be held upon petition of ten per cent of the voters of the town. Such a petition was obtained, and an election held on December 15, 1945, after due notice according to law, which resulted in a maximum rate of 66 cents on the $100 being authorized.
The town clerk certified the result of this election to the county clerk, and by virtue of section 56c the county clerk was authorized to "extend as taxes the amount the highway commissioner of the town has determined as necessary to be raised by taxation for the proper construction, maintenance and repair of the roads and bridges of the town as provided in section 56," etc. This language is *Page 320 
exactly the same as the language used in section 56 before the amendment was passed allowing the rate to be increased. We have held that the amount to be raised by taxation by the highway commissioner is limited by the rate authorized by the statute,(People ex rel. Heaton v. Illinois Central Railroad Co. 295 Ill. 408; Chicago and Eastern Illinois Railroad Co. v. People ex rel.Galloway, 200 Ill. 237;) and also that the rate and amount to be levied must be fixed on the first Tuesday in September by the highway commissioner. People ex rel. Kellogg v. Chicago, RockIsland and Pacific Railway Co. 269 Ill. 513; People ex rel.Landers v. Toledo, St. Louis and Western Railroad Co. 267 Ill. 142.
On the first Tuesday in September, 1945, the highway commissioner levied 33 cents on the $100, which was all that could be collected, although it did not produce the full sum of $32,900. (People ex rel. Robinson v. New York Central RailroadCo. 270 Ill. 636; People v. Illinois Central Railroad Co.295 Ill. 408.) The amendment of 1945 to the road and bridge statute gave authority from the date the result of the election was certified for a period of five years to extend taxes for the amount certified by the commissioner as necessary, etc. The maximum rate authorized by the September meeting was 33 cents. Since a levy could not be made on any other date, the highway commissioner could not later, for the same year, increase the levy to 66 cents on the $100 valuation. In People ex rel. Gill v.Baum, 367 Ill. 249, we said: "The long established rule is, and has been, that the maximum rate authorized at the time taxes are levied by the taxing body authorized so to do, and not the rate permitted or authorized at a subsequent date, is the rate that controls." A levy by a taxing district made after the time required by statute is void, notwithstanding the fact that the district was not organized until after such date. People ex rel.Jasper v. Wabash Railway Co. 296 Ill. 518. *Page 321 
Section 56c provides that the county clerk may extend as taxes the amount the highway commissioner has determined. This is the same language used in section 56. The amendment does not purport to change or amend the road and bridge statute in any way, except as to the amount that may be levied upon a vote of the people; the time and manner of levying remains the same, so it follows that the commissioner had no power to increase the levy of September 4, 1945, from 33 cents to 66 cents on the $100. In fact, it appears that the commissioner did not extend the levy. The stipulated facts show that the commissioner levied 33 cents on the $100 on September 4, 1945, and that a certificate of the town clerk that the election had carried, increasing the rate to 66 cents was filed December 27, 1945, and that such certificate of the highway commissioner and the certificate of the town clerk was the only authority the county clerk had for extending the taxes at the rate of 66 cents on the $100.
There is no suggestion that the statute is retroactive, although in effect, and since the statute requires the certificate of levy by the highway commissioner at a certain time, and there is no provision in the road and bridge statute providing otherwise, the certificate of the levy by the commissioner was for 33 cents, and the additional certificate of the town clerk of the carrying of the election at a date later does not give the county clerk authority to extend taxes for 66 cents on the $100.
The appellee suggests that the legislature may by its own act create a municipal debt for governmental purposes. That question is not involved here. The legislature granted power under special circumstances to a town to increase the amount it could raise by taxation for road and bridge purposes by an election. It also required that the election for such purpose could be held only when there was no outstanding special tax authorized by section 108 of the Road and Bridge Act. This is merely a grant of power *Page 322 
to levy a tax when preliminary conditions have been performed, and not the imposition by the legislature of a tax for governmental purposes.
The simple question involved in this case was the power of the county clerk to extend taxes at the rate of 66 cents on the $100-valuation without a certificate of the highway commissioner that on the first Tuesday in September he had issued a certificate of such amount, and that it was then within his power to levy such a rate.
The order and judgment of the county court of St. Clair County is reversed, and the cause remanded to that court, with directions to sustain the objection.
Reversed and remanded, with directions.