(No. 31226.—

THE PEOPLE *ex rel.* Chas. J. Schmulbach, County Collector, Appellee, *vs.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellant.

*Opinion filed November 22, 1949.*

HAROLD BALTZ, of Belleville, for appellant.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal to review the judgment of the county court of St. Clair County overruling a tax objection filed by appellant, the Louisville and Nashville Railroad Company, to a portion of the 1946 tax levy of the town of Mascoutah for road and bridge purposes. No brief has been filed in this court by the collector, appellee.

The stipulated facts show that a majority of the voters of the aforesaid town, on October 23, 1945, at an election conducted under the provisions of sections 56a and 56b of the Roads and Bridges Act, (Ill. Rev. Stat. 1945, chap. 121, pars. 62a and 62b,) voted affirmatively to increase the maximum tax rate for road and bridge purposes from 33 cents to 66 cents on each $100 valuation. The following year, on September 9, 1946, there was filed in the office of the county clerk the certificate of the commissioner of highways of said town that on September 3, 1946, he did determine that the necessary amount to be raised for road and bridge purposes was $17,800; he also certified that the tax rate should be .125 per cent of the full, fair cash value of the taxable property of the town, as equalized or assessed by the Department of Revenue, and in addition thereto an excess rate of .040 per cent which had been consented to in writing by a majority of the town auditors. At its meeting on September 10, 1946, the county board of supervisors approved the certificate and the amount and rate therein certified. The foregoing proceedings of the commissioner and board were in substantial compliance with section 56 of the Roads and Bridges Act. Ill. Rev. Stat. 1945, chap. 121, par. 62.

The county clerk, however, extended the tax at a rate of 21.3 cents on the $100 which was 4.8 cents in excess of the rate certified and authorized. When applied to the total equalized valuation of all taxable property in the town, the 21.3 cents rate produced a sum of $18,918.70, whereas the certified rate of 16.5 would have produced approxi-

mately $14,655.33, far short of the $17,800.00 needed. Appellant objected that: "Of the rate of 21.3 cents levied and extended against its property * * *, 4.8 cents thereof, and the tax of $94.29 produced thereby are illegal, excessive and void in that the County Clerk, in extending the rates and taxes therefor, to that extent exceeded the authority granted to him by the Highway Commissioner of said Town, and by the County Board of Supervisors." The county court overruled the objection.

While the county collector has filed no brief or argument sustaining his authority to extend the additional tax, his position has been stipulated into the record as follows:

"14. The Answer of the People to the above objection is made upon the proposition that where a tax rate is established under the provisions of Sections 56a, 56b and 56c of the Road and Bridge Act, and an amount is levied by the Highway Commissioner in excess of the amount produced by a rate of 16.5 cents, the amount levied controls, the rate over 16.5 cents does not have to be determined or certified by the Highway Commissioner, and the County Clerk is authorized to extend a rate which will produce the amount levied by the Highway Commissioner so long as such extended rate is not in excess of the rate as authorized by the electors in said special election, up to the maximum rate permitted under the provisions of the Butler Bill.

"15. By using the rate of 66 cents on each $100 valuation as authorized by the referendum heretofore mentioned, the maximum permitted rate for such taxes as computed under the provisions of Section 162a of the Revenue Act of 1939 in force at the time the levy was made is 23 cents on each $100 valuation."

The question presented thus, is whether or not the aforesaid sections 56a, 56b and 56c authorize the county clerk to extend a rate in excess of that certified by the highway commissioner, when the amount levied by the

commissioner is in excess of the amount which will be produced by a rate of 16.5 cents.

We have previously held in the case of *People ex rel. Schmulbach* v. *Baltimore and Ohio Railroad Co.* 400 Ill. 316, that section 56c did not have the effect of conferring such power on the county clerk. Much of what was said there is applicable here, despite a difference in the factual situation. In the *Baltimore and Ohio case* the highway commissioner, on September 4, 1945, issued a certificate that the amount necessary to raise by taxation was $32,900 and that the tax rate should be 33 cents on the $100, being the regular rate of 25 cents plus an excess of 8 cents consented to by the town auditors. Both were approved by the board of supervisors. It should be noted that, just as in the present case, the rate certified was not sufficient to produce the amount levied. Subsequently, on September 15, 1945, the voters of the town there involved affirmatively voted to raise the maximum rate for road and bridge purposes from 33 cents to 66 cents on the $100 valuation. The county clerk, with only the above-described certificate of the highway commissioner and the certificate of the town clerk as to the result of the election, extended the 1945 tax at a rate of 66 cents. This, we held, he had no authority to do, pointing out that the effect of the election was not retroactive; that section 56c did not purport to amend the road and bridge statute in any way, except as to the amount that may be levied upon a vote of the people, leaving the time and manner of levying the same; and that the only rate and amount to be levied was that fixed, and which the commissioner was authorized to fix, on the first Tuesday in September.

And so it is in the present case. Here, the highway commissioner on the first Tuesday in September, 1946, was, by virtue of the referendum, authorized to secure an excess rate which would produce the amount levied, provided, of

course, the rate did not exceed 66 cents on the $100. This he failed to do, and, as pointed out in the *Baltimore and Ohio case,* nothing in section 56c has altered the time and manner of levying so as to authorize a county clerk to extend the tax in excess of the rate certified by the highway commissioner and approved by the board of supervisors. For the reasons stated there, the road and bridge tax rate in this case must likewise be limited to the rate certified to by the highway commissioner on the first Tuesday in September, 1946, the only date on which the levy could be made.

The power of the commissioner of highways to impose a tax is limited, must be strictly construed, and must be exercised in accordance with those provisions of the statute designed for the protection of the taxpayer. Such provisions are mandatory and a disregard of them renders the tax illegal. (*People ex rel. Heaton* v. *Illinois Central Railroad Co.* 295 Ill. 408; *People ex rel. Rea* v. *Wabash Railroad Co.* 296 Ill. 527.) In *People ex rel. Ricker* v. *Chicago, Milwaukee and St. Paul Railway Co.,* 310 Ill. 508, it was held that a favorable vote on the proposition to authorize the county board to levy an additional tax for five years did not levy the tax but merely authorized the board to levy a tax in addition to taxes otherwise authorized by law. The same is true of the election here, and neither the election nor the statutes under which it was held, empowers the county clerk to extend the taxes at a rate other than duly certified by the highway commissioner and approved by the board of supervisors. The tax here, to the extent that it exceeded the rate of 16.5 cents, was illegally extended.

The order and judgment of the county court of St. Clair County is reversed, and the cause remanded to that court, with directions to sustain the objection.

*Reversed and remanded, with directions.*