(No. 20772.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* SOL KOGEN, Appellant.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

WILLIAM J. GRACE, for appellant.

JOHN A. SWANSON, State's Attorney, LOUIS H. GEI-MAN, JOHN E. PEDDERSON, JAMES F. CLANCY, and WALTER E. JOHNSON, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* collector of Cook county made application to the county court of that county for judgment against and an order for the sale of the lots and parcels of land returned delinquent for non-payment of the general taxes for the year 1927. Sol Kogen filed objections to the application, the objections were overruled, judgment was rendered and Kogen prosecutes this appeal.

The county collector published a notice of his intended application for judgment and order of sale and filed the tax, judgment, sale, redemption and forfeiture record as required by sections 182 and 188 of the Revenue act. (Cahill's Stat. 1929, pp. 2183-2185; Smith's Stat. 1929, pp. 2391-2393). The appellant objects that the collector failed to establish a *prima facie* case entitling him to judgment. The objection is without merit for it has been held repeatedly that on an application for judgment against lots or parcels of land for taxes levied thereon which are overdue and remain unpaid, the collector's delinquent list, supplemented by proof that the requisite notice of the application was given, make out a *prima facie* case, and judgment will be rendered for the taxes unless the objector

shows good cause to the contrary. *Mix* v. *People,* 81 Ill. 118; *Scott* v. *People,* 142 id. 291; *Kirchman* v. *People,* 159 id. 265; *Illinois Central Railroad Co.* v. *People,* 161 id. 244; *People* v. *Whitesell,* 262 id. 387; *People* v. *Jones,* 277 id. 353; *People* v. *Glick,* 282 id. 198; *People* v. *Wabash Railway Co.* 339 id. 130.

The appellant's objection in the county court was that the assessment upon his property was grossly and fraudulently excessive. It is conceded that he did not avail himself of the opportunity to make this complaint before the board of review. Even if his failure to pursue this statutory remedy had not precluded a consideration of the objection in the county court, he offered no proof in support of it and judgment upon the collector's application necessarily followed.

The contention is made that the judgment is void because it does not state the amount of the taxes on each tract of land nor the year for which the taxes are delinquent. The amount of taxes on each lot or parcel of land and the year of their delinquency are stated in the tax, judgment, sale, redemption and forfeiture record or delinquent list. Section 191 of the Revenue act requires the court to examine the list, and if a defense should be interposed by any person interested in any lot or parcel of land, to hear and determine the matter in a summary manner, without pleadings, and to pronounce judgment "as the right of the case may be." The same section prescribes the form of the judgment when the taxes are sustained. After reciting the giving of notice of the application, and the want of a sufficient defense thereto, it provides "that judgment be and is hereby entered against the aforesaid tract or tracts, or lots of land, or parts of tracts or lots (as the case may be), in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes (and special assessments, if any), interest, penalties and costs due severally thereon; and it is ordered by the

court that the said several tracts or lots of land, or so much of each of them as shall be sufficient to satisfy the amount of taxes (and special assessments, if any), interest, penalties and costs annexed to them severally, be sold as the law directs." The county court rendered judgment against the "aforesaid tract or tracts or lots of land, or parts of tracts or lots, as the case may be, as described in said delinquent list and in this objection, in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes, interest, penalties and costs due severally thereon as shown in said delinquent list; and it is ordered by the court that the last aforesaid several tracts or lots of land, or so much of each of them as shall be sufficient to satisfy the amount of taxes, interest, penalties and costs annexed to them severally in said delinquent list, be sold as the law directs." The amount of taxes upon each lot or parcel of land and the year of their delinquency were incorporated in the judgment by references to the delinquent list. That list consisted of one hundred thirty volumes, and the statute not only does not require but expressly dispenses with the necessity of repeating in the judgment order the descriptions of the delinquent parcels of land and the amount of the taxes against each parcel. No statutory requirement was omitted from the judgment and the objection that it is void cannot be sustained.

It is contended that the county court had no right to insert the words "for the year 1927" in the caption of the judgment order. The delinquent list shows that the taxes in question were levied for the year 1927. The notice of the intended application for judgment and the objections filed by the appellant in the county court likewise show that the taxes for 1927 were the subject matter of the proceeding. The court therefore properly inserted in the caption to its judgment words designating the year of the tax levy.

Complaint is made that the county court sustained objections of other property owners similar to those filed by the appellant in this case and that, in consequence, rights guaranteed to him by the Federal and State constitutions were invaded. The facts, proceedings and decisions in the cases to which the appellant makes reference are not disclosed by the transcript of the record and the present contention for that reason cannot be considered. (*Bertrand* v. *Taylor,* 87 Ill. 235; *Deimel* v. *Parker,* 164 id. 627; *Thomas* v. *O'Brien Lumber Co.* 185 id. 374). Moreover, prior decisions of. the county court are not decisive of this case. The question is not what the decisions in other cases may have been, but whether the facts and the law applicable thereto sustain the judgment under review. Erroneous decisions, if rendered by the trial court, afford no basis for its persistence in error.

The judgment of the county court is affirmed.

*Judgment affirmed.*