(No. 26872.—

THE PEOPLE *ex rel.* The County Collector of Madison County, Appellee, *vs.* HAROLD A. KRIBS, Appellant.

*Opinion filed November 18, 1942—Rehearing denied Jan. 15, 1943.*

HENRY B. EATON, for appellant.

GORDON BURROUGHS, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from two judgments of the county court of Madison county, overruling objections of appellant to the entry of judgment against his property for delinquent special assessments, levied by the city of Edwardsville.

The record is unusual in its antiquity. It shows that in 1926 a special assessment was levied by the city of Edwardsville against appellant's property payable in ten installments, the first installment being due on January 2, 1927. Application to the county court of Madison county for judgment for the delinquent installments was made by the county collector at the September term, 1932. This application for judgment covered the first six installments of the assessment, and accrued interest thereon, together with interest on the unmatured installments. Objections

were filed by appellant on October 6, 1932. No hearing on said objections was had at that time. At the September term, 1933, the county collector made application to the county court for judgment against the same property for the seventh installment and interest accrued thereon, and interest on the unmatured installments. Like objections were filed by appellant to this application for judgment. On February 26, 1934, these objections, and also the objections filed to the application for judgment made in 1932, were heard. Evidence was offered by the People and by appellant. At the conclusion of the hearing the cause was taken under advisement by the court. Briefs were to be submitted by the respective counsel. The record shows that a decision of the objections was postponed upon request of all parties. Both objections were heard together and it was stipulated that the evidence should be considered as having been offered in both cases.

On January 13, 1942, orders were entered in both cases overruling the objections and entering judgment for the sale of the property. A joint notice was filed appealing from the judgments entered in both cases. Only one record and one set of abstracts and briefs were filed in this court. Consequently the cause was entered as one case on the docket. While separate judgments were entered, the proceedings were identical, except as to the amount involved. Both counsel have treated it in this court as one case. No reason appears why this court should not so treat it.

Among other errors relied upon for reversal is the claim that the evidence was not sufficient to sustain the judgments. As we view the record this is the only question which is necessary for this court to consider.

Section 65 of the Local Improvement Act, as that section existed at the time the applications for judgment were made, (Ill. Rev. Stat. 1927, chap. 24, par. 769,) made it the duty of the city collector to make a report in writing

to the county collector on or before the first day of April in each year, showing the property on which he had been unable to collect special assessments, or interest thereon, on all warrants in his hands, with the amount of such delinquent assessments and interest. Section 67 of that act (Ill. Rev. Stat. 1927, chap. 24, par. 771) made it the duty of the county collector, when he received these reports from the city collector, to proceed to obtain judgment against the property for such special assessments or installments thereof and interest, remaining due and unpaid, "in the same manner as is or may be by law provided for obtaining judgment against lands for taxes due and unpaid the County or State." It further provided that in obtaining judgment and making sale, the collector should be governed by the general revenue law.

These steps were necessary and specifically required in order to show special assessments delinquent, and to obtain judgment for the sale of the property. (*Craig* v. *People ex rel. Gannaway,* 193 Ill. 199.) In order to determine the manner provided in which the county collector should obtain "judgment against lands for taxes due and unpaid the County or State," as provided in section 67 of the Local Improvement Act, we must refer to the applicable provisions of the Revenue Act, as those provisions existed at the same time.

Section 182 of the Revenue Act (Ill. Rev. Stat. 1927, chap. 120, par. 170) then provided that the county collector should, at any time after the first day of April next after such delinquent taxes and special assessments became due, publish an advertisement giving notice of the intended application for judgment for the sale of such delinquent lands and lots, as therein provided. This notice was required to contain a list of all delinquent lands against which judgment was sought.

By section 188 (Ill. Rev. Stat. 1927, chap. 120, par. 176) the collector was required to transcribe into a book pre-

pared for that purpose and known as the tax judgment, sale, redemption and forfeiture record, the list of delinquent lands and lots which he was required to make out in numerical order and give all the information necessary to be recorded, including a description of the lands or lots, the year or years for which the tax or special assessments were due, and certain other designated information. This was known as the delinquent list.

By section 190 (Ill. Rev. Stat. 1927, chap. 120, par. 178) he was required to make a report under oath to the county clerk showing all lands on which taxes or assessments were paid, after notice of the application was given, as provided in section 185. (Ill. Rev. Stat. 1927, chap. 120, par. 173.) The statute provided that this report be filed with the county clerk on the first day of the term at which the application for judgment would be made. Section 190 further provided that when this report was made, the collector and county clerk shall then revise the delinquent list so as to eliminate therefrom all lands on which the taxes or assessments had been paid, as shown by such report. It further sets out the form of affidavit to be made by the collector and attached to the delinquent list, as so revised.

By section 191 (Ill. Rev. Stat. 1927, chap. 120, par. 179) the court was required to examine the delinquent list before judgment was entered, and if no objections were made, to enter judgment against the lands for the amounts appearing in such delinquent list. Such list was necessary to be presented on the hearing in order for the collector to make out a *prima facie* case which would entitle him to judgment. (*People ex rel. Harding* v. *Kogen,* 346 Ill. 307.) Without the delinquent list and the certificates and affidavits which the statute required to be attached to and accompany it, there is no evidence or showing that the assessments were delinquent or the amount of such delinquency, and no description of the property assessed. This list constitutes the source of the power of the court to enter judg-

ment. It is indispensable in all cases unless there is, in the record, a stipulation that a *prima facie* showing has either been made, or is expressly waived. No such stipulation, or waiver, appears in this record.

On the trial of this case in the county court no delinquent list was offered in evidence or otherwise appears in the record. Instead of offering in evidence a delinquent list for the purpose of showing the assessments were delinquent and unpaid, and the amounts thereof, the collector proceeded upon the theory that these facts could be shown by the certificates of the city collector to the county collector, required by section 65 of the Local Improvement Act. Such certificates were offered in evidence. The certificates, however, were made by the city collector, one on April 15, 1932, and the other on April 17, 1933. The applications for judgment were made on September 12, 1932, and September 11, 1933, respectively. The People then sought to supplement these certificates by testimony of former city collectors and deputy collectors, who testified that the assessments had not been paid. This was improper. The statute, as it then existed, required the certificate from the city collector to the county collector under section 65, as evidence that the installments were delinquent on the date of the certificate. These certificates only authorized the county collector to make application for judgment in the same manner and at the same time he made application for judgment for delinquent county and State taxes, under section 67. The certificate of the county collector to the county clerk on the first day of the term, required by section 190 of the Revenue Act, is for the purpose of showing payments made between the date the delinquent list and notice of the application for judgment was published, and the first day of the term of court at which application for judgment is made. The delinquent list then made up by the county collector and filed with his application for judgment, as corrected by the certificate required by section 190,

constituted the evidence required by statute to establish the fact that the assessments were delinquent.

This delinquent list, and the supplemental certificate required by section 190, constituted the evidence to be presented to the court on application for judgment, which would make a *prima facie* case, showing the assessments delinquent and unpaid. Such delinquency and nonpayment could not be shown either by the certificates of the city collector or by the testimony of witnesses. There being no delinquent list or certificate, as required by section 190, in the record in this case, there is nothing to support the judgments. The report of proceedings in the record was approved by counsel on both sides of the case, as containing all of the evidence offered.

The record being wholly insufficient to support the judgments overruling the objections, the court erred in overruling said objections.

For the errors indicated, the judgment orders entered in both cases by the county court, overruling the objections, are reversed and the cause is remanded to that court with directions to sustain the objections.

*Reversed and remanded, with directions.*